FILED

2022 JUN -2 PM 1:16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

| | |
|---|---|
| Melike Dewey | Office of the United States Attorney |
| P.O. Box 862026 | Room 7516, Federal Building |
| Los Angeles, CA 90086 | 300 North Los Angeles Street |
| Tel: (424)259-2235 | Los Angeles, California 90012 |
| *Pro Se* | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Melike Dewey

                    Plaintiff

vs.

Los Angeles City College, in its official
capacity
Financial Aid Office
855 N. Vermont Ave.
Los Angeles, CA 90029
(323)953-4000

STATE OF CALIFORNIA, in its official
capacity
Attorney General Rob Bonta
1300 "I" Street
Sacramento, California 95814-2919
Phone: (916)445-9555

The Regents of the University of
California, Davis, in its official capacity,
1111 Franklin St., 8th Floor
Oakland, CA 94607-5200
(510)987-9800

United States Department of Education, in
its official capacity
400 Maryland Avenue, SW
Washington, D.C. 20202
1-800-872-5327

Case No.:

**LACV22-3767-MWF(PDx)**

**COMPLAINT**

**COMPLAINT**

1

DIRECT LOANS, in its official capacity )
U.S. Department of Education )
PO Box 9003 )
Niagara Falls, NY 14302-9003 )
)
Coast Professional Inc., in its official )
capacity )
PO Box 2876 )
West Monroe, LA 71294-9945 )
(888)815-2843 )
)
United States Department of Justice )
United States Attorney General )
950 Pennsylvania Ave. NW )
Washington D.C. 20530 )
)
Does 1-10; )
)
                    Defendants )
                                         )

---

## I. INTRODUCTION

To the United States Attorney:

Plaintiff Melike Dewey has brought this action against defendants for

violating Title 18 U.S.C. §1006  for non-compliance with the Federal credit

institution entries, reports and transactions, falsifying statements, changing loan

amounts, fraud, non-disclosure of documents, fabricating e-signed signatures

without identifying borrowers violating the Title 12 U.S.C §1829b, and/or §1953

Retention, Recordkeeping regulations in Identification requirements, and under

Title 12 CFR 1006.18 (b) for False, deceptive, or misleading representations, while

unlawfully profiting from the proceeds awarded to the student individually. The

**COMPLAINT**

2

institutions (1) profit via pullbacks of the United States government grants (2) change federal Direct loans into Perkins loans, (3) without authorization (4) falsify records (5) without ID verification, (6) without disclosure to the Plaintiff, and (7) in conspiracy with other institutions to pull back government grants.

## II. THE PARTIES

1.     *Pro Se* Plaintiff, Melike Dewey is a student who is being victimized by the Los Angeles City College (LACC) denying federal aid and California grant disbursements to the Plaintiff based on financial schemes of the Regents of University of California, Davis (UC Davis).

2.     Defendant, Los Angeles City College (City College), is a financial institution disbursing governmental FASFA grants financed through Department of Education and Cal Grants, through the State of California.

3.     Defendant, the Regents of the University of California, Davis (UC Davis), is an institutional lending agent in the State of California to disburse grants, and federal student loans allocated to the students from the US Department of Education.

4.     Defendant, United States Department of Education is a governmental funding agency using lending portal Nelnet for the governmental loans and grants

applied through FASFA provided to the students. It is disbursing governmental funds to the institutions.

5.    Defendant William D. Ford Federal Direct Loan Program is a provider of subsidized and unsubsidized loans for higher education to the institutions who disburse funds to the students.

6.    Defendant, Coast Professional Inc. is a collection agency hired to collect on behalf of UC Davis' installed Perkins loans placed in default.

7.    United States Department of Justice is an overseeing agent of unlawful actions that have been committed against people by lending institutions operating in the United States.

8.    Does 1-10, are additional defendants not named in this complaint to be discoverable through discovery prior to or during the trial.

### III. BASIS FOR JURISDICTION

9.    Plaintiff commences this action pursuant 18 U.S.C § 1006 for crimes and criminal procedure for non-compliance with the Federal credit institution entries, reports and transactions, falsifying statements, changing loan amounts, non-disclosure of documents, fabricating e-signed signatures not identifying borrowers violating under Title 12 U.S.C §1829b (insured), and/or §1953

**COMPLAINT**

(uninsured), under Title 12 CFR 1006.18 (b) for False, deceptive, or misleading representations, and unlawfully profiting from the proceeds awarded to students by the United States government  grants through FASFA, mishandling and falsifying federal student's subsidized and unsubsidized loans, and creating Perkins loans without disclosures to, or knowledge to the students.

10.     As a controlling entity of all governmental funds collected on behalf of the student and as allocated to the student aid by the government in grants and loans to receive education, educational institutions are single-handedly deciding how funds are disbursed without any disclosures to or any knowledge of the student and are therefore controlling student's liberty in pursuit of education. This is a taking of student's liberty protected under the Fifth Amendment of the United States Constitution, especially when funds are taken without student's control, without student's knowledge and the student is forced to pay back all funds taken, even if the funds are mishandled by the institutions. Educational institutions are mishandling the funds and are rolling over their profits coming from pullback funds into the student's debt for the students to pay.

11.     Jurisdiction is proper under 28 U.S.C § 1331, which provides that federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States as well as this court has supplemental jurisdiction, and pursuant to 28 U.S.C § 1367(a), over state law

<div align="center">**COMPLAINT**</div>

claims. Plaintiff's claims fall under financial fraud, mishandling of funds and false statements.

## IV. STATEMENT OF THE CASE

12.     During 2011-2014 Plaintiff attended Los Angeles City College (LACC) and transferred to University of California, Davis (UC Davis). During 2014-2017 Plaintiff attended UC Davis. During 2019-2020, 2020-2021, 2021-2022, Plaintiff attended LACC for additional courses required to proceed into the field of Radiologic Technology, an RT license, and radiology. Plaintiff's Cal grant and Financial Aid disbursed to LACC were not paid to the Plaintiff, although were allocated to be paid to the student by the government. Plaintiff dropped out. The funds allocated are on hold while used to pay other fees.

13.     In July of 2014, after taking required courses to transfer, Plaintiff was admitted into the junior level of studies at UC Davis. Plaintiff was offered by UC Davis direct federal subsidized and unsubsidized loans for $8,500. *See*, Exhibit A.

14.     On 09/08/2014, William D. Ford Federal Direct Loan Program (Direct Loans) mailed Disclosure Statements specifying the subsidized loan for $5,500. Plaintiff did not apply for unsubsidized loans. Independent Undergraduate loan for the junior year and beyond was $12,500 (maximum $5,500 subsidized). *See*, Exhibit B.

15.   UC Davis offered $500 less from $5,500 for a subsidized loan and $3,500 less from $7,000 for unsubsidized loan, as can be seen by comparing the UC Davis and the Direct Loan Disclosure amounts stated. Total $4,000 less.

16.   UC Davis took disbursement under student's name without informing the student about it, while pushing Plaintiff into taking loans that were already disbursed to UC Davis.

17.   This $4,000 became a Perkins loan, with interest payable to UC Davis although disbursed by Direct Loans to the student already. Many transfer students feel overwhelmed during the first year to pay any attention to the finances.

18.   Loans were given, but no information about them was given. The transfer students did not know financial details because no disclosures were given to them. Plaintiff alleges that professors might be intentionally dropping students, since there are a lot of transfer dropouts during the first year of transfer.

19.   This $4,000 difference was 'made up' to be a Perkins loan disbursed to the Plaintiff without her knowing about it with interest payable to UC Davis, a loan the student did not apply for. The next year Perkins became $5,500 that was in fact an amount of the direct federal subsidized loan. The Perkins Promissory Note was made up with an e-signature, which is no signature at all, and no disclosures were

**COMPLAINT**

provided to the students of how the money was spent or how did disbursements be so different from the initial disclosures given.

20.     This is an attempt to commit fraud that needs to be addressed by the Department of Justice, and the Attorney General of the State of California but it is not. If a financing discrepancy is brought up in a federal case, as it happened to the Plaintiff in Northern District, the judge would sit on a case for almost two years, and then dismiss it without serving defendants, although *in forma pauperis* was granted after which the court must serve. The court clerk would then hold on to the order while taking time from filing an appeal, electronic filing was denied when applied by the Plaintiff. The appellate court clerk would then dismiss an appeal for out of jurisdiction (when it passes 30-day filing deadline). This is exactly what happened to the Plaintiff when a mailed-out Notice of Appeal reached the Ninth Circuit Appellate Court 2-3 days after the 30-day deadline, although it was mailed out within 30 days of the order.

21.     This is a false presentation of a loan, that should be disbursed under the Direct Loan Program, not under a different name, and therefore, it was falsely added to the student's profile under Perkins to be sent to the collection agencies while all Direct Loans were placed into forbearance.

**COMPLAINT**

**22.     Should the federal government be allowed to remove funds from states that pass laws which violate federal laws?**

"No. The Federal government offers grants to states based on their application to the program being promoted by the Federal law. When the state passes a law that directly breeches the contract or otherwise stops the agreement then the Federal aid ceases. <u>There is no pullback of funds already allocated and disbursed</u>. If the state misspends funds, then of course the contract could require repayment," says Bob Bridgman, former manager garnishment, collection, compliance, finance (1989-2015).

23.     These mis-spent, and mishandled funds are rolled into student debt by the institutions, who act as lenders. The institutions are not lenders, they are just handlers of government money. The funds are skillfully inserted into the student's profile with no questions asked, and students are paying for it with interest on all loans taken. While mishandling the funds allocated to the students, and pulling out funds allocated to the student, the institutions are violating the 5th Amendment rights of the student, by forcefully taking away property that belongs to the student who had already funds allocated from the government. The pullback funds do not return to the government. They stay with the institutions.

24.     Under Title 18 U.S.C § 1006 any lending authorized or acting under the laws of the United States or any institution other than an insured bank, with

intent to defraud any individual makes any false entry in any book, report or

statement of or to any such institution, or without being duly authorized, draws any

order or bill of exchange, makes any acceptance, or issues, puts forth or assigns

any note, debenture, bond or other obligation, or draft, bill of exchange, judgment,

participates or shares in or receives directly or indirectly any money, profit,

property, or benefits through any transaction, loan, commission, contract, or any

other act of any such corporation, institution, or association, shall be fined not

more than $1,000,000 or imprisoned not more than 30 years, or both.

**25.    A. Defendant Los Angeles City College (LACC) is in conspiracy with UC Davis for non-payment of the government appropriated funds in violation under Title 18 U.S.C § 1006.**

26.    This Claim arises from defendant Los Angeles City College Financial

Aid office declining federal FASFA and Cal-grant disbursements to the Plaintiff

due to student's default from the UC Davis financial department. UC Davis

repeatedly declines every Plaintiff's demand to provide a default clearance letter

knowing that UC Davis itself created the false default.

27.    Plaintiff has not been paid any FASFA and CAL-grant for her

attendants during three school years of 2019-2020, 2020-2021, and 2021-2022.

**COMPLAINT**

Plaintiff had allocated federal grants and the Cal-grant for her study through government programs. LACC approved the funds as seen in *Exhibit LACC email* that confirmed the award.

28.    LACC pays itself for the cost of student's attendance, admissions in classes, earnings paid to the educators, labs, campus, and admission fees. Funds were disbursed for everything except the student's portion it was allocated for, without paying the student. LACC is unlawfully keeping student's funds. This is extortion against the student in conspiracy with the Regent's of the University of California, Davis.

29.    Several attempts were made through email due covid closures with no results in resolving this issue of clearing up the release of the payments for three school years. The Cal-grants were awarded to the student for excellence above the 3-point grade average performance but were never paid to the student.

30.    LACC is unlawfully profiting from the Federal Student Aid payments themselves while leaving the students out dry. Plaintiff cannot provide a default clearance letter from UC Davis who wrongfully placed her into the default bind through creating false statements and fraudulent loans.

31.    LACC has forced Plaintiff into fallout due financial hardship created

<div align="center">**COMPLAINT**</div>

against her from this 'hold' of funds rightfully designated and allocated to her. LACC is acting without an authorization to do so. LACC judgment is based on fraudulent actions by defendant UC Davis. It is in conspiracy with UC Davis to hold the funds, extort students and profit from them.

32.     LACC is violating Title 18 USC §1006 by association in conspiracy with UC Davis for intentional withholding of federal student aid, and Cal-grant connected to FASFA disbursements to the Plaintiff. LACC is mishandling the appropriation of the funds to the student. The funds are given to the student's education through institution, not to the institution to pay themselves and not to pay the student while keeping the funds left over to themselves.

**33.     B. Defendant, the Regents of the University of California, Davis (UC Davis), violations of mismanagement and pullout of funds, false statements and fraud in government appropriated funds, non-disclosure of lending instruments, and non-identifying borrowers, are violations under Title 18 U.S.C § 1006.**

34.     Defendant, UC Davis is repeatedly denying Plaintiff's demand for a default clearance letter, although, Plaintiff's federal loans are in Forbearance until 2027 and she never applied for Perkins loans.

**COMPLAINT**

35.     Plaintiff demanded UC Davis to show all cancelled checks for the loans disbursed. UC Davis did not provide any proof of cancelled checks to the Plaintiff, because none of the government loans were disbursed as disclosed to the student. Students have no idea what is going on with their finances, what comes in, what is disbursed to them and how the money on their behalf is spent.

36.     Disbursement amounts do not match any deposits into their accounts. It is like a muddy water. The disbursements given might've been from grants. UC Davis does not provide any lending procedure disclosures at all.

37.     Exhibit 1-UC - On October 19, 2017, University of California Davis Accounts Receivable, One Shields Avenue Davis, California 95616-8709 sent Billing Statement showing total due $2,509. The same billing statement was mailed out monthly through March. Plaintiff knew it was wrong because 2 years at 5% interest on $1,155 would not amount to $2,509.

38.     Exhibit 2-UC - On April 30, 2018, Alltran Education, Inc. Jeanette Hodgson mailed out a letter asking Plaintiff to contact the collection agency acting on behalf of University of California Davis. Plaintiff called disputing the validity of the claim on a loan procured after she left UC Davis without knowing what the charge was for.

**COMPLAINT**

39.     Exhibit 3-UC - On November 1, 2018, Plaintiff sent a letter stating that she was not even at the university when the charge was made.

40.     Exhibit 4-UC - On November 30, 2018, Samantha Chenoweth from Student Accounting 2100 Dutton Hall One Shields Avenue Davis, CA 95616-8709 (530)752-3649 mailed out an explanation letter explaining the charges for $2,509 as "The remainder of balance, $2,504, is due to the reversal of a Perkins loan…"

41.     Since there is no pullback of funds already allocated and disbursed by the government, Plaintiff believes and therefore alleges that this amount was wrongfully charged to the Plaintiff and was a profit to the institution itself, that the institution wanted to enslave the Plaintiff into paying.

42.     Exhibit 5-UC - On December 6, 2018, Alltran Education, Inc. mailed a letter containing Plaintiff's personal data from UC Davis.

43.     On a spreadsheet called "Student Trans Summary Report" was the amount $2,504.00 dated 26-Sept-17, stated as Federal Perkins Loan-Smr. Plaintiff demanded a copy of the Federal Perkins loan note that she allegedly signed for the $2,504 after seeing it as a Perkins loan. By Alltran a University Student Loan Promissory Note was mailed to Plaintiff for $991, dated on December 17, 2015, not a Perkins Note for $2,504.00.

**COMPLAINT**

44.     Plaintiff saw from the spreadsheet that the $2,504 loan was a Perkins loan. These were new facts and important information Plaintiff should have been told at the time of the signing in 2015, not in 2018 when she demanded answers. No Disclosures, nor any copies of notes were given to the student on Perkins loans.

45.     The loans that Plaintiff applied for were Direct federal subsidized loan when she started UC Davis in September of 2014, and one emergency loan on October 9, 2015, for $1,155 for a plane ticket for her mother's funeral. Both loans were signed with a handwritten signature not with an unverifiable e-signature.

46.     Promissory Note from Alltran was an e-signed Note. The e-signature from December 17, 2015 is incorrect. The amount shows $991.00. This was not a Perkins loan. No promissory note for Perkins loan was given. It didn't exist.

47.     When Plaintiff started in the Fall of 2014, a Disclosure statement was given to the Plaintiff dated on 12/20/2014 for the 2014-2015 school year. The Disclosure of 07/15/2014, in Exhibit A, shows the amount requested $28,962, which included tuition $13,996.00, books $1,560.00, housing $10,129.00, transportation $1,358.00 and the insurance for $1,869.00. Loans totaled $8,500.00 This is what the Plaintiff applied for when she started at UC Davis in 2014 without the unsubsidized loan shown $3,500 by UC Davis.

**COMPLAINT**

48.     Disbursements for subsidized loans were stated $1,667, $1,667, $1,666, and for unsubsidized loan disbursements were stated $1,167, $1,167, $1,166 per year by UC Davis. Leftover funds from grants totaled approx. $4,597.

[$28,962.00 - $13,996.00 - $1,869.00 - $8,500 (loans) = $4,597.00]

49.     No disclosures of any federal unsubsidized loans from a lender were provided because they were not applied for at that time. Subsidized loan payments on a disclosure were shown on Exhibit B.

50.     Exhibit B, dated 09/08/2014 from William D. Ford Direct Loan Program shows three payments to be made on 09/22/2014 for $1,650, 12/26/2014 for $1,650 and 03/20/2015 for $1,649. Loan period shows 10/02/2014 until 06/04/2015. The total amount after deducting the 1.072% is $4,949 that was disbursed to UC Davis in a subsidized loan.

50.     Plaintiff alleges that the unsubsidized loan amounts as seen on Nelnet for 2014-2015 and 2015-2016 years are incorrect, not disbursed as shown, include pullbacks by the institution, as stated on statements from the Nelnet *Exhibit 1*.

*Exhibit 1* - has nine Nelnet's reported statements, copies of seven loans still outstanding by the student that were disbursed 14/15 in five statements, and 15/16 in two statements showing outstanding amounts valid as of June 30, 2021, coming

**COMPLAINT**

due in 2024. For the 2016-2017 Nelnet shows no direct loans to be paid back. Two Perkins loans on Nelnet show zero balance with no information.

51.     **Two Records** from Nelnet for the **14/15** year show two unsubsidized loans 'disbursed', one for $1,001 (2014), and the other for $998 (2015), which will be due $1,270 and $1,241 respectively in 2024. These two amounts do not match any amounts disbursed to the student. These disbursements were made up. No unsubsidized loans in Direct Lender Disclosures were disclosed for that year.

52.     **Three Records** from the Nelnet for the **14/15** year show three subsidized loans for the 2014-2015 school year $1833, $1833, and $1834, which would become $1996, $1996, and $1997 in 2024 with interest included. None of these amounts match any disbursements made to the student in disclosures stated.

53.     UC Davis did not follow disclosure promises made. None of the amounts stated on the disclosure statements were disbursed as promised. The five loan amounts shown on Nelnet as disbursed for 2014-2015 are showing $1,833, $1833, $1,834, $998, and $1,001 as disbursed amounts. They do not match any payments promised on the Disclosure Statement of $1667, $1667, $1666 and of $1167, $1167, $1166 loan disbursements. Information provided on Nelnet for the

2014-2015 year is incorrect, and therefore, the interest calculated on incorrect amounts is also incorrect.

**54.   Two Records** on Nelnet for the **15/16** year show $3,000 unsubsidized loan, which would become $3,566 in 2024, and a subsidized loan of $5,500, which would become $5,951 in 2024. $451 is for the interest on subsidized and $566 on unsubsidized loan. Both due on October 28, 2024, with interest included.

55.   Without any explanations from UC Davis, at the time unknown to the students the federal loans became Perkins loans with totally different conditions not disclosed to the student without any disclosures or copies of Promissory Notes to be informed of the Perkins loans.

56.   Perkins loans were created without an ID verification and with no copies of the signed Promissory Notes to the students. Finally, after 3 years of demanding for copies of the instruments since 2018, in 2021 the long sought-after promissory note was finally given upon Office of the Ombudsmen's request to see it. The collection agency Coast Professional Inc. forwarded a copy of it in USPS Priority mail to the Plaintiff on July 28, 2021, six years after issuing the first Perkins loan on Jun 18, 2015 when the signing supposedly happened two weeks after the end of the school year on June 04, 2015.

**COMPLAINT**

57.     It is surprising that the Office of the Ombudsmen found nothing wrong with it and just closed the Plaintiff's complaint with no further explanations, unless they became so confused to figure anything out of what happened.

58.     *Exhibit 2* is a "Promissory Note". It has no verified signature of the borrower, and the date is unclear. It shows 18 JUNE 15. It is an e-signed document with no ID requirements, no loan amounts, no durations, no lending details, or dates on the loans. Plaintiff never saw this document before. Plaintiff would have never signed this invalid instrument. By law, all loan amounts must be disclosed when given. There were no disclosures at all. The list attached shows three Perkins loans 1415 - $4000.00, 1516 - $5500.00 and 1617 - $2996.00.

59.     *Exhibit 3* – is a statement of "Two Perkins loans" $5500 and $2996, dated 12/23/2020, submitted by Anne Krohn, a complaint resolution specialist from Department of Education which shows two disbursements not three. There was no Note found on the US Department of Education's Nelnet on 12/23/2020.

60.     *Exhibit 4* - is a copy from October 9, 2015 student award printout retrieved from the UC Davis student financing office when Plaintiff applied for the emergency loan of $1,155. It shows unsubsidized loans for $3000 were offered but not accepted. In the finance person handwriting $500 more was offered on October

**COMPLAINT**

9, 2015, in a subsidized loan to make up $8,500 when $12,500 was disbursed by Ford. No Perkins loans were stated on the printout.

61.     No $4,000.00 loan existed in the end of 2020 either. The $4,000 Perkins loan for 2014-2015 year was made up by UC Davis after December 23, 2020, and before July 28, 2021, when collection agency mailed it to the Plaintiff.

(a) *Exhibit 2* from July 28, 2021, shows the amount $4,000 for the 2014-2015 school year ending on June 04, 2015.

(b) *Exhibit 4* from October 9, 2015, four months after alleged signing, the Perkins loan did not show up as it ever existed on October 9, 2015, and

(c) *Exhibit 3* shows only two loans existed in the United States Department of Education records on December 23, 2020.

62.     There was no $4,000 loan. Two Perkins loans were withdrawn from the Nelnet database that show zero balance now, when suddenly three loans were given to the collector Coast Professional Inc., who is attempting to collect $12,496.00 on three loans when only two were showing up in 2020.

63.     The school year ended on June 04, 2015, the note was signed on June 18, 2015, it would be out of the 2014-2015 school year that ended on June 4, 2015, which would declare the loan amount of $4000 for the 14/15 schoolyear incorrect.

64.     Plaintiff informed UC Davis financial office about the mismatch of the amounts. Plaintiff pointed out the discrepancy of changed loan amounts on the

**COMPLAINT**

Nelnet. Plaintiff became a target for harassment and discrimination. She placed her education loans into forbearance due fraud and notified administrative offices about the fraud. A few months later Nelnet showed much lesser amounts due, the sum fell to around $24K.

65.    In November of 2021, Plaintiff looked at Nelnet again and total amount owed in loans to the government showed $18,017 (*Exhibit 1*), after two Perkins loans were zeroed out, which is still incorrect because if the Perkins loans are added back, it would again go over $40K. All loan amounts are still off. The payments shown on Nelnet are for more than the amounts received by the student.

66.    There are big discrepancies in thousands of dollars. Roughly calculated: the Plaintiff had University grants awarded for $20,743 per year which were about the same in the first and the third year, ($25,743-5,000 loan) as stated on *Exhibit 4*. Final cost of Plaintiff's education shows $116, 050.08 with most of it covered by grants. Three years in grants would be approx. $62,229, and according to UC Davis schedule would leave $53,821 in loans Plaintiff did not receive. That is too high. The maximum sum of subsidized, unsubsidized loans was disclosed by UC Davis $8,500 per year, and for three years it would sum to $25,500 that could be given in student loans. Even if that amount was the maximum from Direct loans at $12,500 per year, it would be $37,500 not $53,821. This is $16,321 more. The

**COMPLAINT**

cost of $116,050.08 is incorrect. None of the amounts stated as loans match the disbursements given.

67.    In 2017, a teaching assistant Trisha Wong, et al. attacked the Plaintiff with discrimination. Plaintiff filed an action in Northern District court, case number 2:18-cv-03235 MCE-EFB (18-cv-03235) for discrimination. Plaintiff took discrimination at its face value without realizing retaliation against her after she admitted her financial concerns to UC Davis. Plaintiff could not pay much attention to financial issues after driven to an utmost stress filled with baseless accusations from teaching assistants she had to fight against.

68.    An appeal was taken from a dismissal. The district court case was unlawfully dismissed without Court service for two almost years. This case was brought up on an appeal 20-17407, but the appellate court clerk Molly Dwyer from the 9th District Appellate Court buried the case, made up a court decision without signatures and after a date was given for an appellant's motion.

69.    Clerk's actions do not fall under the clerk's jurisdiction when the date was already set by the appellate division. In Forma Pauperis was granted through the district court already. Without involving appellate courts, Dwyer made up an

**COMPLAINT**

order of dismissal, therefore acting out of the clerk's jurisdiction, and she closed the case unilaterally as if she was an appellate judge.

70.     Department of Justice and the Office of the United States Attorney have done nothing, although, they were served via Registered Priority Mail with Receipts Requested in November of 2021 with case information.

71.     The reason Plaintiff brings up 18-cv-03235 is because the Regents of University of California, Davis (UC Davis) will bring up this case, although, they were supposedly never served with it, they will find it and the United States Attorney has a copy of that complaint already, a claim from discrimination under 42 USC §6101-6107 not on financial fraud under Title 18 USC §1006.

72.     Plaintiff alleges this discriminative behavior was perhaps created against the Plaintiff in retaliation to cover up financial chaos created by UC Davis, after Plaintiff discovered what students would eventually be paying back after they finish their degrees, a chaos to divert attention away from financial problems.

73.     Defendant UC Davis Recordkeeping is violated under Title 12 U.S.C §1829b and/or §1953 (if uninsured) and under Title 12 CFR 1006.18 (b) for False, deceptive, or misleading representations.

**COMPLAINT**

23

74.     UC Davis is violating 18 U.S.C §1006 with an intent to defraud students by making false entries into loans, reports and statements, making up loan acceptances, issuing, or putting forth or assigning promissory notes, and other obligations, while it participates or shares in, or receives directly or indirectly government issued money, and is profiting, or benefitting through these transactions, loans, contracts, or any other act of any such corporation, and therefore, the Regents of the University of California, Davis as an institution, or association, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**75.     C. Defendant Coast Professional Inc. is in violation of collecting funds created upon fraud committed of government appropriated funds in violation under Title 18 U.S.C § 1006 and 12 CFR 1006.18 (b) and (e).**

Defendant Coast Professional, Inc. collection agency statement from April 15, 2022, is attempting to collect on three Perkins loans for $17,374.23. Two Interest payments of $1,274.66 and $563.06; and a collection fee of $3,040.49 are added to the base amount of <u>three loans</u> in the amount of $12,496. This base amount is wrong by $4,000, which would bring it down to $8,496.00 and the loans were Perkins loans never disclosed to the Plaintiff at UC Davis. This collection is ongoing while diminishing Plaintiff's credit rating.

**COMPLAINT**

76.     There were no disclosures of any interest or collection fees from the collector, not to mention that the loans are fraudulent.

Under Title (Code of Federal Regulations) 12 CFR 1006.18

*(b) False, deceptive, or misleading representations.*

(2) A debt collector must not falsely represent:

(i) The character, amount, or legal status of any debt.

(ii) Any services rendered, or compensation that may be lawfully received by any debt collector for the collection of debt.

*(e) Disclosures required –*

(1) Initial communications. A debt collector must disclose in its initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. If the debt collector's initial communication with the consumer is oral, the debt collector must make the disclosure required by this paragraph again in its initial written communication with the consumer.

77.     Plaintiff did not receive an initial communication, just payment requests. Plaintiff demanded proof. Plaintiff demanded to see a copy of the note and copies of the bank checks cashed for the amounts the collections were based

on. Defendant sent a copy of the Promissory Note on July 28, 2021, that is attached as an *Exhibit 4*, with a list of three Perkins loans stated by UC Davis. UC Davis is not a lender. The only loan Plaintiff applied to from UC Davis is in the amount of $1,155. That's it.

78.     There are no cancelled checks to the Plaintiff in the amounts claimed by the collection agency. These amounts were not disbursed to the Plaintiff. Plaintiff is not responsible for the collections on the amounts not given to the Plaintiff, because all funds given were disclosed to be federal direct subsidized and unsubsidized loans not the UC Davis loans to the student. All government Direct loans are in forbearance.

**79.     D. Defendant, Department of Education is providing funding for the student's financial aid and student loans while aiding fraud and mismanagement committed by the lending institutions as agencies of the government's appropriated funds in violation under Title 18 U.S.C § 1006.**

On October 16, 2018, Plaintiff mailed U.S. Department of Education an application for borrower defense to loan repayment, including all loans in the application. There has been no action regarding this application. All loans are in forbearance for three consecutive times and the next payment is due 01/16/2027.

**COMPLAINT**

The loan amounts on Nelnet are false. The loans were not disbursed to the Plaintiff as allocated by the government.

80.   The US Department of Education sent out a proof of two Perkins Loans on 12/23/2020 as given to them by the lending institution they provided the amounts to. They did not investigate the validity or the existence of the promissory note the loans were based on; they did not see discrepancies without contacting the students. They were on the side of the institutions who provide them with made-up numbers attached to the student's profile records. They were on the side with the fraudsters. They aided, enabled, and agreed to the crimes committed.

81.   Department of Education did not audit the information given to them by the educational institutions who are making up false transactions to cover up their crimes when pulling government allocated funds to themselves. Institutions do not return the funds allocated to the students and pull the funds back. The lack of audit and investigation by just looking at the standard printed promissory note would've been sufficient to raise red flags, but they chose blind ignorance over the evidence.

82.   Department of Education is guilty of mismanagement and fraud as much as the institutions who are collecting funds from the government money.

**COMPLAINT**

83.   U.S. Department of Education is violating 18 U.S.C §1006 with an intent to defraud students by making false entries into the loans, reports and statements, making up loan acceptances, issuing, or putting forth or assigning promissory notes, and other obligations, while it participates or shares in, or receives directly or indirectly government issued money, and is profiting, or benefitting through these transactions, loans, contracts, or any other act of any such corporation, and therefore, the United States Department of Education as an institution, or association, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**84.   E.  U.S. Department of Justice is avoiding claims made by the Plaintiff regarding funding for the student's financial aid and student loans through fraud and mismanagement committed by the lending agencies of the government's appropriated funds in violation under Title 18 U.S.C § 1006.**

85.   U. S. Department of Education is a federal agency. It must abide by federal laws and the Constitution of the United States. U.S. Department of Justice (DOJ) has Federal Bureau of Investigations (FBI) at its disposal to investigate claims. Student loan debt has risen to trillions of dollars. Any reasonable person would assume DOJ to investigate or audit accuracy of such debt created by the Department of Education.

**COMPLAINT**

86.     Students must pay for debts they did not create. It was thrown upon them by the institutions.

87.     The lack of audits and investigations is why DOJ must be penalized. It is not acting in the interest of American people. This case is showing true evidence of what is happening about largely underpaid disbursements, pullback profits to the institutions in made-up loans, and Plaintiff believes there are Millions of students who have been taken the same way, without paying any attention to the finances, and are therefore stuck now with much higher loan payments on their loans than they should have.

88.     DOJ is violating by not investigating the lending institutions for the violations under Title 18 U.S.C §1006 with an intent to defraud students by making false entries into loans, reports and statements, making up loan acceptances, issuing, or putting forth or assigning promissory notes, and other obligations, while it participates or shares in, or receives directly or indirectly government issued money, and is profiting, or benefitting through these transactions, loans, contracts, or any other act of any such corporation, and therefore, the United States Department of Justice as an institution, or association, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**COMPLAINT**

## CONCLUSION

89.    Nelnet does not show any pullback funds institutions keep themselves, how disbursements allocated to the student were disbursed, student spreadsheets, or the amounts allocated to the students. The pullback amounts did not go back to the government and were not disbursed to the student. These federal funds were being held by the institution for their own profit in collecting interest on loans already allocated as direct loans.

90.    All loans that the Plaintiff is targeted with, were inaccurately stated by defendant UC Davis. After discovery of this mismanagement, the loan amounts on Nelnet kept changing. One of the loans showed up as if it was taken when Plaintiff was not even there. Other amounts were made up, pulled out, and not matching any disclosures given.

91.    Every lending institution must keep records of all transactions for at least five to six years. The only reason a lender would avoid responding to the borrower's requests would be if they didn't have anything in files, if the evidence was contrary to the findings, or if they were covering up their wrongdoings.

92.    Educational institutions are unilaterally controlling government funds allocated to the students who have no control over it. Funds disbursed are without

**COMPLAINT**

the knowledge of the students who should know of every transaction because the students must pay back the loans with interest when they leave.

93.    This is an unconstitutional behavior and violates student's rights to pursuit of education, which is a liberty protected under the Fifth Amendment. It is the taking of the Fifth Amendment right.

**RELIEF**

WHEREFORE, Plaintiff demands judgment under 18 U.S.C § 1006 in fines against defendants in the amount of up to One Million Dollars ($1,000,000.00) from each entity or institution involved, and other costs of suit, and such other and further relief as this court may deem just and proper.

WHEREFORE, Plaintiff demands defendants to pay penalty under Title 12 §1829b for civil penalties as described in (j)(1) *Penalty imposed.* For Ten Thousand Dollars ($10,000.00) for each wrongfully executed transaction and act committed.

A. Defendant LACC for Withholding three (3) transactions of federal student aid and one (1) transaction of Cal-grant while profiting from it, conspiring with UC Davis - violations under Title 18 U.S.C § 1006 and Title 12 §1829b.

[conspiracy, and mishandling of 3 FASFA and one Cal-grant]

**COMPLAINT**

B. Defendant, the Regents of the Universities of California, Davis is

violating for lack of record keeping, non-disclosure, mismanagement, fabrication

of loan amounts, false statements, interference with Nelnet portal, unexplained

amounts of disbursements, and padding loan amounts as violations under Title 18

U.S.C § 1006. Defendant UC Davis Recordkeeping is violated under Title 12

U.S.C §1829b (if insured), and/or §1953 (if uninsured). Under Title 12 CFR

1006.18 (b)(2)(i) and (ii) on collections, and under Title 12 CFR 1006.18 (e)(1) for

nondisclosures to the Plaintiff.

[total 16 transactions of violations in several sections]

2 wrongfully stated unsubsidized loan transactions in 2014-2015.
3 discrepancies in subsidized loan amounts (padding) distributed 2014-2015.
2 loan discrepancies (padding) in 2015-2016.
5 interest discrepancies – overpaid interest.
3 attempted amounts to collect on false amount Perkins loans.
1 'discovered' $4,000 Perkins loan perked into existence after 2020.

C. Defendant Coast Professional Inc. for violations protected under Title 12

CFR 1006.18 (b)(2)(i) and (ii) on collection from three (3) made-up accounts and

(1) Under Title 12 CFR 1006.18 (e)(1) for nondisclosure to the Plaintiff.

[total 4 transactions]

D. United States Department of Education violation is for not adequate

oversight, lack of disclosures, audits and recordkeeping, lack of security over

**COMPLAINT**

Nelnet portal, mismanagement of loans, and employees working with no financial qualifications to be working as financial advisors or loan processors. Plaintiff is asking for a maximum penalty of One Million Dollars [$1,000,000] against United States Department of Education for violations under Title 18 U.S.C § 1006.

E. U.S. Department of Justice violation is for lack of oversight, lack to follow up with claims, lack of investigations, lack of security and ignorance over Nelnet portal as well as Department of Education's audits in follow up complaints. Plaintiff is asking for maximum penalty of One Million Dollars [$1,000,000.00] against U.S. Department of Justice for violations under Title 18 U.S.C § 1006.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**COMPLAINT**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED: June 2nd, 2022                    Respectfully submitted,


By: _____
     Plaintiff, *Pro Se*

**COMPLAINT**

34

Exhibit A

35



**FINANCIAL AID
AND SCHOLARSHIPS**

**The deadline to submit requirements is July 15, 2014.**
We cannot disburse financial aid for any accepted funds if requirements are not satisfied.
Unsatisfied requirements and late or missing documents will delay disbursement and/or result in cancellation of
funds.

**Melike Dewey**                                                   **MyAwards for 2014-2015**

**UC Davis Financial Aid Office Official Award Notice**

Need-based financial aid is based upon the information provided on your FAFSA or Dream Act Application, and any
additional documents submitted including outside resources. Federal, state and university funds are limited and subject to
availability at the time they are offered. The amounts and types of aid are subject to change or cancellation without prior
notice.

**Estimated Cost of Attendance for Off-Campus Student** 

| | |
|---|---:|
| Tuition and Fees | $13,896.00 |
| Books and Supplies | $1,560.00 |
| Basic Living (Room & Board) | $10,129.00 |
| Transportation | $1,358.00 |
| Health Insurance | $1,869.00 |
| Other | $150.00 |
| **Total Estimated Cost of Attendance for Off-Campus Student** | **$28,962.00** |

**Contributions**

| | |
|---|---:|
| Student Self-Help | $0.00 |
| Expected Family Contribution (EFC) | $0.00 |
| **Total Contributions** | **$0.00** |

| | |
|---|---:|
| **Financial Need** | **$28,962.00** |

**Estimated Financial Aid**

| | |
|---|---:|
| Fed Direct Subsidized Loan | $5,000.00 |
| Fed Direct Unsub Loan | $3,500.00 |

36

12/20/2014                                          UC Davis Financial Aid Office - MyAwards

| | |
|---|---|
| Federal Pell Grant Program | $5,730.00 |
| University Campus Fee Grant | $525.00 |
| University Grant | $14,207.00 |
| **Total Estimated Financial Aid** | **$28,962.00** |
| | |
| **Remaining Cost** ⓘ | **$0.00** |

**Estimated Financial Aid by Term**

| Award | Fall 2014 | Winter 2015 | Spring 2015 | Total |
|---|---|---|---|---|
| Fed Direct Subsidized Loan | $1,667.00 | $1,667.00 | $1,666.00 | $5,000.00 |
| Fed Direct Unsubsidized Loan | $1,167.00 | $1,167.00 | $1,166.00 | $3,500.00 |
| Federal Pell Grant Program | $1,910.00 | $1,910.00 | $1,910.00 | $5,730.00 |
| University Campus Fee Grant | $175.00 | $175.00 | $175.00 | $525.00 |
| University Grant | $4,736.00 | $4,736.00 | $4,735.00 | $14,207.00 |
| **Total** | **$9,655.00** | **$9,655.00** | **$9,652.00** | **$28,962.00** |

**UC Davis is authorized by the above-named student to release this financial aid information.**

37

# Exhibit B



**Direct Loans**
William D. Ford Federal Direct Loan Program

U.S. Department of Education
P.O. Box 9003
Niagara Falls, NY 14302-9003

**Disclosure Statement**
**William D. Ford Federal Direct Loan Program**

**Direct Subsidized Loan**
**Direct Unsubsidized Loan**

## Borrower Information

**1. Name and Address**

Dewey, Melike A
P.O. Box 1005

Los Angeles, CA 90078

**2. Date of Disclosure Statement**
10/02/2014

**3. Area Code/Telephone Number**
00000003239738384

## School Information

**4. School Name and Address**

University Of California, Davis
One Shields Avenue

Davis, CA 956168558

**5. School Code/Branch**
G01313

## Loan Information

| 6. Loan Identification Number(s) | 7. Loan Period(s) | 8. Loan Fee % |
|---|---|---|
| XXXXX5233S15G01313002 | 10/02/2014 – 06/04/2015 | 1.073 |

**9. Subsidized Eligibility Type:**   **10. Subsidized Usage:**   **11. Total Subsidized Usage:**   **12. Remaining Subsidized Eligibility:**
Undergraduate

The information provided is anticipated – based on loans that your school plans to disburse to you – and is subject to change based on your future enrollment and borrowing practices.

**13. Information about the loan(s) that your school plans to disburse (pay out) follows. This information is explained in detail on the back. The actual disbursement dates and amounts may be different than the dates and amounts shown below. The school and your servicer will notify you of the actual disbursement dates and amounts.**

**Direct Subsidized Loan**

| Gross Loan Amount | – | Loan Fee Amount | + | Interest Rebate Amount | = | Net Loan Amount |
|---|---|---|---|---|---|---|
| **$5000.0** | – | **$51.0** | + | **$0.0** | = | **$4949.0** |

**Your school plans to disburse the Net Loan Amount as follows:**

| Date | Net Disbursement Amount | Date | Net Disbursement Amount |
|---|---|---|---|
| 03/20/2015 | $ 1649.0 | | |
| 12/26/2014 | $ 1650.0 | | |
| 10/01/2014 | $ 1650.0 | | |

**Direct Unsubsidized Loan**

| Gross Loan Amount | – | Loan Fee Amount | + | Interest Rebate Amount | = | Net Loan Amount |
|---|---|---|---|---|---|---|
| **$0.00** | – | **$0.00** | + | **$0.00** | = | **$0.00** |

**Your school plans to disburse the Net Loan Amount as follows:**

| Date | Net Disbursement Amount | Date | Net Disbursement Amount |
|---|---|---|---|

**If there are further disbursements to be made on the loan(s) the school will inform you.**

*39*

**Disclosure Statement** (continued)

This Disclosure Statement provides information about the Direct Subsidized Loan and/or Direct Unsubsidized Loan that your school plans to disburse (pay out) by crediting your account at the school, paying you directly, or both. It replaces any Disclosure Statements that you may have received previously for the same loan(s). Keep this Disclosure statement for your records.

Before any money is disbursed, you must have a signed Direct Subsidized Loan/Direct Unsubsidized Loan Master Promissory Note (MPN) on file. The MPN, the Borrower's Rights and Responsibilities statement, and the Plain Language Disclosure explain the terms of your loan(s). If you have any questions about your MPN or this Disclosure Statement, contact your school.

If you receive your first federal student loan after June 30, 2013, there are limits on how long you can receive Direct Subsidized Loans. In general, you may not receive Direct Subsidized Loans for more than 150% of the published length of your program (measured in academic years). This is called your "maximum eligibility period". Items 9-12 on the front of this Disclosure Statement provide:

- **Item 9:** The Subsidized Eligibility Type, tracked as either Undergraduate Program or Non-Credential Teacher Certification Program.
- **Item 10:** The Subsidized Usage Period associated with the Direct Subsidized Loan, if any, you are receiving.
- **Item 11:** The Total Subsidized Usage to this point in time, including the Subsidized Usage Period from Item 10.
- **Item 12:** The Remaining Subsidized Eligibility for the program associated with the Direct Subsidized Loan, if any, you are receiving.

**Item 13** on the front of this Disclosure Statement provides the following information about the amount of each loan that your school plans to disburse to you:

- **Gross Loan Amount** - This is the total amount of the loan that you are borrowing. You will be responsible for repaying this amount.
- **Loan Fee Amount** - This is the amount of the fee that is charged on your loan. It is based on a percentage of your Gross Loan Amount. The percentage is shown in item 8. The Loan Fee Amount will be subtracted from your Gross Loan Amount.
- **Interest Rebate Amount** - This is the amount of an up-front interest rebate that you may receive to encourage the timely repayment of your Direct Loans. If you receive a rebate, the Interest Rebate Amount will be added back after the Loan Fee Amount is subtracted.

  To keep an up-front interest rebate that you receive on your loan, you must make all of your first 12 required monthly payments on time (each of your payments must be received  no later than 6 days after the due date) when your loan enters repayment. You will lose the rebate if you do not make all of your first 12 required monthly payments on time. This will increase the amount that you must repay.

- **Net Loan Amount** - This is the amount of your loan that remains after the Loan Fee Amount is subtracted and the Interest Rebate Amount is added. The school will disburse the Net Loan Amount to you by crediting your account at the school, paying you directly, or both.

  Item 13 shows your school's plan for disbursing your Net Loan Amount to you. The actual disbursement dates and amounts may be different than the dates and amounts that are shown. Your school and your servicer will notify you of the actual disbursement dates and amounts.

Before your loan money is disbursed, you may cancel all or part of your loan(s) at any time by notifying your school.

After your loan money is disbursed, there are two ways to cancel all or part of your loan(s):

- If your school obtains your written confirmation of the types and amounts of Title IV loans that you want to receive for an award year before crediting loan money to your account at the school, you may tell the school that you want to cancel all or part of the loan within 14 days after the date the school notifies you of your right to cancel all or part of the loan, or by the first day of the school's payment period, whichever is later (the school can tell you the first day of the payment period). If your school does not obtain your written confirmation of the types and amounts of loans you want to receive before crediting the loan money to your account, you may cancel all or part of the loan by informing the school within 30 days of the date the school notifies you of your right to cancel all or part of the loan. In either case, the school will return the cancelled loan amount to the U.S. Department of Education.

  If you ask your school to cancel all or part of your loan(s) outside the timeframes described above, your school may process your cancellation request, but it is not required to do so.

- Within 120 days of the date your school disburses your loan money (by crediting the loan money to your account at the school, by paying it directly to you, or both), you may return all or part of your loan(s) to the U.S. Department of Education. Contact your servicer for guidance on how and where to return your loan money.

You do not have to pay interest or the loan fee on the part of your loan that is cancelled or returned within the timeframes described above, and if you received an up-front interest rebate, the rebate does not apply. Your loan will be adjusted to eliminate any interest, loan fee, and rebate amount that applies to the amount of the loan that is cancelled or returned.

Your school determines what loans, if any, you are eligible to receive. If you have questions regarding your loan eligibility, the next steps in the processing of your loan, when the loan will be disbursed (paid out), or no longer wish to receive the loan, contact your school's financial aid office.

After the first disbursement of your loan has been made, your loan will be assigned to a loan servicer and you will be provided with the servicer's name, address and contact information.  Your servicer will service, answer questions about, and process payments on your loan after you enter repayment.

DISSU7

40

## Plain Language Disclosure for Direct Subsidized Loans and Direct Unsubsidized Loans
### William D. Ford Federal Direct Loan Program

**1. General information.** You are receiving a Direct Subsidized Loan and/or Direct Unsubsidized Loan to help cover the costs of your education. This Plain Language Disclosure (Disclosure) summarizes information about your loan. Please read this Disclosure carefully and keep a copy in a safe place. In this Disclosure, the words "we," "us," and "our" refer to the U.S. Department of Education (the Department).

We may use a servicer to handle billing and other communications related to your loan. If you have questions about your loan, contact your servicer. Your servicer's telephone number and address are shown on correspondence you will receive related to your loan.

You must repay this loan, even if you are unhappy with your education, do not complete your program of study, or cannot find work in your area of study. Borrow only the amount you can afford to repay, even if you are eligible to borrow more.

By signing the Master Promissory Note, you certify under penalty of perjury that if you have been convicted of, or if you have pled *nolo contendere* (no contest) or guilty to, a crime involving fraud in obtaining federal student aid funds under Title IV of the Higher Education Act of 1965, as amended, you have fully repaid those funds to us, or to the loan holder in the case of a Title IV federal student loan.

Information about your loans will be reported to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific authorized purposes.

**2. Master Promissory Note (MPN).** You are receiving a loan under an MPN that you signed previously. You may receive additional loans under that MPN for up to 10 years if the school that you attend is authorized to use the multi-year feature of the MPN and chooses to do so. If your school is not authorized to use the multi-year feature of the MPN or chooses not to do so, or if you do not want to receive more than one loan under the same MPN, you must sign a new MPN for each loan. If you do not want to receive more than one loan under the same MPN, you must notify your school or your servicer in writing.

**3. Loan terms and conditions.** This Disclosure summarizes information about your loan. Please refer to your MPN and the Borrower's Rights and Responsibilities Statement that you received previously for the complete terms and conditions of your loan. If you need another copy of the Borrower's Rights and Responsibilities Statement, contact your servicer. Unless we tell you otherwise in this Disclosure, your MPN and the Borrower's Rights and Responsibilities Statement control the terms and conditions of your loan. Loans made under your MPN are subject to the Higher Education Act of 1965, as amended (the HEA), and federal regulations (we refer to the HEA and these regulations as "the Act"). Any change to the Act that affects the terms of the MPN that you signed will be applied to your loans in accordance with the effective date of the change.

**4. Direct Subsidized Loans and Direct Unsubsidized Loans.** Direct Subsidized Loans are available only to undergraduate students. (Graduate and professional students were eligible to receive Direct Subsidized Loans for periods of enrollment that began before July 1, 2012.) Direct Unsubsidized Loans are available to both undergraduate students and graduate or professional students.

To receive a Direct Subsidized Loan, you must have financial need. Except as explained in Item 10 of this Disclosure, you are not required to pay the interest that accrues on Direct Subsidized Loans while you are in school, during the grace period, during deferment periods, and during certain periods of repayment under the Income-Based Repayment Plan and the Pay As You Earn Plan.

Direct Unsubsidized Loans are not based on financial need. You must pay the interest that accrues on Direct Unsubsidized Loans during all periods. For more information on interest charges, see Item 10.

**5. Time limitation on Direct Subsidized Loan eligibility for first-time borrowers on or after July 1, 2013.** If you are a first-time borrower (see the Borrower's Rights and Responsibilities Statement that you received previously) on or after July 1, 2013, there is a limit on the maximum period of time (measured in academic years) that you can receive Direct Subsidized Loans.

In general, if you are a first-time borrower on or after July 1, 2013 you may not receive Direct Subsidized Loans for more than 150% of the published length of your program of study. This is called your "maximum eligibility period." For example, if you are enrolled in a 4-year bachelor's degree program, the maximum period for which you can receive Direct Subsidized Loans is 6 years (150% of 4 years = 6 years).

Your maximum eligibility period is based on the published length of the program in which you are currently enrolled. This means that your maximum eligibility period can change if you change programs. If you receive Direct Subsidized Loans for one program and then change to a different program, the period of time for which you received Direct Subsidized Loans for the earlier program will generally count against your new maximum eligibility period.

After you have received Direct Subsidized Loans for your maximum eligibility period, you are no longer eligible to receive additional Direct Subsidized Loans, and if you are enrolled in school you may become responsible for paying interest on your Direct Subsidized Loans. You may continue to receive Direct Unsubsidized Loans. We will notify you if you are no longer eligible to receive additional Direct Subsidized Loans.

In addition, if you continue to be enrolled in any undergraduate program after you have received Direct Subsidized Loans for your maximum eligibility period, or if you enroll in another undergraduate program that is the same length as or shorter than your previous program, in most cases (there are certain exceptions as provided under the Act) you will become responsible for paying the interest that accrues on your Direct Subsidized Loans during all periods, beginning on the date of the enrollment that causes you to become responsible for paying the interest. We will notify you if you become responsible for paying all of the interest that accrues on your Direct Subsidized Loans.

You may obtain additional information about the limitation on Direct Subsidized Loan eligibility for first-time borrowers on or after July 1, 2013 from your school's financial aid office or at StudentAid.gov.

**6. Use of loan money.** You may use your loan money only to pay for educational expenses (for example, tuition, room, board, books) at the school that determined you were eligible to receive the loan. If you accept this loan, your eligibility for other student assistance may be affected.

**7. Information you must report.** While you are still in school, you must notify your school if you (i) change your address or telephone number; (ii) change your name (for example, maiden name to married name); (iii) do not enroll at least half-time for the loan period certified by the school, or do not enroll at the school that certified your eligibility for the loan; (iv) stop attending school or drop below half-time enrollment; or (v) graduate or transfer to another school.

You must also notify your servicer of any of the above changes at any time after you receive your loan. In addition, you must notify your servicer if you (i) change employers or if your employer's address or phone number changes; or (ii) have any other change in status that affects your loan (for example, if you received a deferment but no longer meet the eligibility requirements for that deferment).

**8. Amount you may borrow.** There are limits on the amount you may borrow each academic year (annual loan limits) and the amount you may borrow in total for undergraduate and graduate study (aggregate loan limits), as explained in more detail in the Borrower's Rights and Responsibilities Statement. You cannot borrow more than these limits. The annual and aggregate loan limits are as follows:

Annual Loan Limits

| Dependent Undergraduates (*except* students whose parents cannot borrow PLUS loans) | |
|---|---|
| First Year (freshman) | $5,500 (maximum $3,500 subsidized) |
| Second Year (sophomore) | $6,500 (maximum $4,500 subsidized) |
| Third Year (junior) and Beyond | $7,500 (maximum $5,500 subsidized) |
| **Independent Undergraduates** (*and* dependent students whose parents cannot borrow PLUS loans) | |
| First Year (freshman) | $9,500 (maximum $3,500 subsidized) |
| Second Year (sophomore) | $10,500 (maximum $4,500 subsidized) |
| Third Year (junior) and Beyond | $12,500 (maximum $5,500 subsidized) |

| Graduate and Professional Students | |
|---|---|
| For loan periods beginning before July 1, 2012: | $20,500 (maximum $8,500 subsidized) |
| For loan periods beginning on or after July 1, 2012: | $20,500 (unsubsidized only) |

Aggregate Loan Limits

| Dependent Undergraduates (*except* students whose parents cannot borrow PLUS loans) | |
|---|---|
| $31,000 (maximum $23,000 subsidized) | |
| **Independent Undergraduates** (*and* dependent students whose parents cannot borrow PLUS loans) | |
| $57,500 (maximum $23,000 subsidized) | |
| **Graduate and Professional Students** | |
| $138,500 (maximum $65,500 subsidized) | |

**9. Interest rate.** The interest rate for Direct Subsidized Loans and Direct Unsubsidized Loans varies depending on when the loan is first disbursed and other factors, as explained below.

41

*Exhibit LACC email*

42

 **Gmail**

Melike Dewey <melike.dewey@gmail.com>

## LACC Financial Aid Appeal

1 message

**AidAppeals, LACC** <AidAppeals@lacitycollege.edu>                    Tue, Apr 28, 2020 at 3:49 PM
To: Melike Dewey <deweyma8708@student.laccd.edu>, "melike.dewey@gmail.com" <melike.dewey@gmail.com>

Hello Melike,

Your financial aid appeal at Los Angeles City College has been approved!  The following courses on your
Educational Plan were not included in your approval:  LAW 003 not needed for Rad Tech program.
LRNFND 040 not required for entry into the Rad Tech program (however this will not affect the amount
of your Spring 2020 disbursement).

Cordially,
Financial Aid Office
Los Angeles City College

43

# Exhibit 1-UC

44



University of California Davis
Accounts Receivable
One Shields Avenue
Davis, CA 95616-8709

## Billing Statement

| | |
|---|---|
| **Name** | Melike Dewey |
| **Account No.** | **999859346** |
| **Statement Date** | 19-OCT-2017 |
| **Date Due** | 15-NOV-2017 |
| **Page No.** | 1 |

| TERM | ITEM DATE | DESCRIPTION | CHARGES | CREDITS |
|------|-----------|-------------|---------|---------|
| | | * PREVIOUS BILLED BALANCE * | 5.00 | |
| | | - CURRENT PAYMENTS - | | |
| 201705 | 26-SEP-17 | Federal Perkins Loan-Smr | | -2,504.00 |
| | | * CURRENT BILLED BALANCE * | 2,509.00 | |

PAST DUE: 5.00        FUTURE BALANCE: .00        TOTAL DUE: 2,509.00

"Registration fee amounts above are as currently estimated for the term indicated.  Every effort will be made to keep fees at this level, however given continuing budget uncertainties, circumstances may require an adjustment in this amount."

ZSRCBIL

REPRO GRAPHICS
649

Mail to Cashier's Office. University of California, Davis, PO Box 989062, West Sacramento, CA, 95798-9062
Please return this stub with your check made payable to: UC Regents.



**UC DAVIS**
**A G G I E S**

Payment deadlines may vary from the statement date for some line items.  Registration fees are due according to the schedule published in the Class Schedule and Registration Guide; Housing payments are due according to the terms of your contract.  Please visit http://studentaccounting.ucdavis.edu for further information.

| | |
|---|---|
| **Account No.** | **999859346** |
| **Statement Date** | 19-OCT-2017 |
| **Date Due** | 15-NOV-2017 |
| **TOTAL DUE** | 2,509.00 |
| **Amount Enclosed** | |

Melike Dewey
P.O. Box 1005
Los Angeles, LOS 90078

Students may change address at:
http://sisweb.ucdavis.edu (choose
personal information / update address)

100100000002509009998593460        45

Exhibit 2-UC

46

PO Box 1259
Oaks PA 19456

**Alltran Education, Inc.**

6506 S LEWIS AVE STE 260   •   TULSA OK  74136-1091
•   (800) 377-1904   •   Fax (630) 225-4261

Alltran Education Acct #: X22025
Principal: $2509.00
Interest: $0.00
Collection Cost: $0.00
Fees & Other Non-Collection Charges: $0.00
Total Balance: $2509.00

Apr 30, 2018

123338 - 682

MELIKE DEWEY
PO BOX 1005
LOS ANGELES CA   90078-1005

003229

Alltran Education, Inc.
PO BOX 722920
HOUSTON   TX  77272-2920

---

If you would like to make an on-line payment, please visit, *www.helpupay.com*          Amount Enclosed $ _____

| Creditor | Amt Owed |
| --- | --- |
| UNIV OF CALIFORNIA-DAVIS, UC D | 2509.00 |

Amount Owed: $2509.00          Alltran Education Account #: X22025

Re/Original Creditor: UNIV OF CALIFORNIA-DAVIS

Dear Melike Dewey,

Your above referenced debt has been placed with our office for collection. Should you elect to resolve your account you can do so as follows:

• Please call JEANETTE HODGSON at (800) 377-1904 X1123
Office Hours are 8am to 9pm (CST) Monday - Thursday, 8am to 5pm (CST) Friday,
8am to 12pm (CST) Saturday.

• Mail check, money order, or cashier's check payable to Alltran Education, Inc. to our address shown above.

• Pay your account on-line at Alltran Education, Inc.'s self-pay site....www.helppay.com

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days from receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

Thank you in advance for your anticipated cooperation.

Sincerely,

JEANETTE HODGSON
Toll Free: (800) 377-1904 X1123

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
As of the date of this letter, you owe the total balance due reflected above. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. As a result, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will contact you. For further information regarding your balance or interest charges, write the undersigned or call 1.800.211.0432.

See the reverse side and/or additional page(s) for more information including information about e-mail communications.

6506 S LEWIS AVE STE 260 • TULSA, OK  74136-1091 • P: 630.574.3113 • 800.211.0432 • F: 630.574.0110 • *www.alltran.com*
Office Hours: Mon-Thu 8:00am to 9:00pm, Fri 8:00am to 5:00pm, Sat 8:00am to 12:00pm Central Time

47

123338-336-1363

# Exhibit 3-UC

48

Melike Dewey
PO Box 1005
Los Angeles, CA 90078

November 1, 2018

Accounting and Financial Services                    Student Accounting
One Shields avenue                                   PO Box 989062
Davis, CA 95616-8504                                 W Sacramento, CA 95798

UCD ID # 999859346

In response to your letter dated October 16, 2018:

Your records are incorrect. I do not owe you anything. I am not delinquent in any debt. I did not apply for this $ 2,509 debt you are attempting to collect from me. I was done with everything to do with your university by July of 2017. Any debts initiated after July 2017 do not belong to me. All university debts must be stricken from my records.

You have 30 days from the date of this letter to correct your mistakenly reported delinquencies and collection attempts.

Thank you for your cooperation.


Melike Dewey

49

# Exhibit 4-UC

UNIVERSITY OF CALIFORNIA, DAVIS



BERKELEY · DAVIS · IRVINE · LOS ANGELES · MERCED · RIVERSIDE · SAN DIEGO · SAN FRANCISCO     SANTA BARBARA · SANTA CRUZ

ACCOUNTING AND FINANCIAL SERVICES
ONE SHIELDS AVENUE
DAVIS, CALIFORNIA 95616-8504

November 30, 2018

Melike Dewey
P.O. Box 1005
Los Angeles, CA 90078

Re UCD ID: 999859346/ Dispute of Debt Received 11/9/18

Melike:

The balance of $2509.00 is due to 2 charges.  A $5.00 Health Center charge posted at the end of August 2017.  The 8/28/17 date of the charge on your student account is not necessarily the date of service with the Health Center, as Health Center only feeds charges to the student accounts once a month.  Our office does not have access to the specifics of health center charges and services so, if you are unsure of what that charge pertains to, please contact the Health Center at 530-752-2300.

The remainder of the balance, $2504.00, is due to the reversal of a Perkins loan you were originally awarded for summer sessions.  I have contacted the Financial Aid Office regarding the reversal of your Perkins loan and they indicated that when you submitted a change in aid form to the Financial Aid office for the summer sessions term due to a change in units (dropping 4 units from summer sessions), they had to revise your budget for the summer and you were no longer eligible for your previously awarded Perkins loan.  If you have any questions regarding that reversal of your Perkins funding for the summer sessions 2017 term, please contact the Financial Aid Office at 530-752-2390 or via the online portal at: https://my.ucdavis.edu/ask_us/

Sincerely,

*Samantha Chenoweth*

Samantha Chenoweth
Student Accounting
2100 Dutton Hall
One Shields Avenue
Davis, CA  95616-8709
530-752-3649

Enc: copy of Student Account Summary

51

Exhibit 5-UC

Account #:X22025

Dec  6, 2018

MELIKE DEWEY
P.O. BOX 1005
LOS ANGELES, CA 90078

Dear MELIKE DEWEY                    ,

This letter is in response to your dispute for the account referenced above.

It is Alltran Education, Inc. practice to follow all Federal, State, and Municipal laws when engaging in the collection of a debt.

Attached are the requested documents to validate your account. Please note that creditor records may not indicate all current collection costs.

I trust this response satisfies your concern.

If I can be of additional assistance, please do not hesitate to contact me directly at 1-800-211-5312.

Sincerely,

Ombudsman, Corporate Compliance
Alltran Education, Inc.
X22025-67

   This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for the purpose.

   Office Hours: Mon-Thu 8:00am to 9:00pm, Fri 8:00am to 5:00pm
      Sat 8:00am to 12:00pm Central Time. Phone (800)211-0432
   See reverse side and/or addtional page(s) for more information about
                  email communications.

53

```
27-NOV-2018 11:42:37 AM              University of California,Davis
PAGE 1                               Student Trans Summary Report
ALL TERMS                            99985346 Dewey, Melike
TSRSSIM                              Balance: 2,509.00
```

| EFF DATE | Description | CHARGE | PAYMENT | TERM |
|---|---|---|---|---|
| 26-SEP-17 | Federal Perkins Loan-Smr | | -2,504.00 | 201705 |
| 19-SEP-17 | Summer Session 2 Univ. Grant | | -200.00 | 201705 |
| 19-SEP-17 | Summer UC Grant | | 1,300.00 | 201705 |
| 19-SEP-17 | Summer Session 2 Univ. Grant | | 200.00 | 201705 |
| 19-SEP-17 | Summer UC Grant | | -1,300.00 | 201705 |
| 28-AUG-17 | Health Center Charge | | | 201707 |
| 28-JUL-17 | Refund Issued | | 5.00 | 201705 |
| 28-JUL-17 | Univ. Campus Fee Grant Summer | 1,918.00 | | 201705 |
| 28-JUL-17 | Summer Session 2 Univ. Grant | | 150.00 | 201705 |
| 28-JUL-17 | Summer UC Grant | | 1,100.00 | 201705 |
| 28-JUL-17 | Federal Perkins Loan-Smr | | 1,300.00 | 201705 |
| 28-JUN-17 | IET Color Print Chg 1 pgs | 1.00 | 1,300.00 | 201703 |
| 28-JUN-17 | Summer Session Unit Fee - UG | | 5,500.00 | 201705 |
| 27-JUN-17 | Univ. Campus Fee Grant Summer | 273.00 | | 201705 |
| 27-JUN-17 | Summer UC Grant | | -150.00 | 201705 |
| 27-JUN-17 | Federal Perkins Loan-Smr | | -1,300.00 | 201705 |
| 26-JUN-17 | Summer Session Unit Fee - UG | | -5,500.00 | 201705 |
| 21-JUN-17 | Refund Issued | -1,092.00 | | 201705 |
| 19-JUN-17 | Summer Session Campus Fees | 2,908.16 | | 201705 |
| 19-JUN-17 | Summer Session Unit Fee - UG | 302.92 | | 201705 |
| 18-JUN-17 | Univ. Campus Fee Grant Summer | 1,092.00 | 150.00 | 201707 |
| 18-JUN-17 | Summer UC Grant | | 5,500.00 | 201705 |
| 18-JUN-17 | Federal Perkins Loan-Smr | | 1,300.00 | 201705 |
| 09-JUN-17 | Summer Session Unit Fee - UG | 1,092.00 | 1,300.00 | 201705 |
| 08-JUN-17 | Summer Session Campus Fees | 302.92 | | 201705 |
| 08-JUN-17 | Summer Session Unit Fee - UG | 1,092.00 | | 201705 |
| 07-JUN-17 | Payment Received - Thank you | | 3.52 | 201701 |
| 08-MAY-17 | CHE 125 Course Material Fee | 80.00 | | 201705 |
| 08-MAY-17 | CHE 105 Course Material Fee | 80.00 | | 201703 |
| 03-APR-17 | IET Print Chg 32 sheets | 3.52 | | 201701 |
| | TOTAL: | 8,058.52 | 5,549.52 | |

54

UNIVERSITY OF CALIFORNIA, DAVIS

### PROMISSORY NOTE
### UNIVERSITY STUDENT LOAN
### 5%

*Social Security Number

I, Dewey, Melike , hereinafter called the Borrower, promise to pay to The Regents of the University of California, hereinafter called the Lending Institution, located at Davis, Yolo County, California, 95616, the sum of the amounts that are advanced to me and endorsed in the Schedule of Advances set forth below, together with all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due.

I further understand and agree that:

### REPAYMENT

I. (1)  Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE PERCENT (5%) on the unpaid balance except that no interest shall accrue during any period described in paragraph II (6) (A), (B) and (C).

(2)  I promise to repay the principal, and the interest which accrues on it, over a period beginning 6 months after the date I cease to be at least a half-time student at an institution of higher education, unless paragraph II (6) applies 10 years later.
I may, however, request that the repayment period start on an earlier date.
I promise to repay the principal and interest over the course of the repayment period in equal monthly, bimonthly, or quarterly installments, as determined by the Lending Institution. However, if I request, and the Lending Institution approves, repayments may be made in graduated installments determined in accordance with schedules approved by the Lending Institution.

(3)  If the repayment schedule established under paragraph I (2) provides for repayment of principal and interest at a rate of less than $90 per quarter, I shall repay the total amount of this loan plus the interest thereon at the rate of $90 per quarter.

### PREPAYMENT

**This note is also subject to the following conditions:**

II. (1)  I may at my option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time. Amounts I repay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered a prepayment. If I repay more than the amount due for my repayment period, the excess will be used to prepay the principal unless I designate it as an advance payment of the next regular installment.

### DEFAULT

(2)  If I fail to meet a scheduled repayment of any installment, the entire unpaid indebtedness including interest due and accrued thereon, plus any applicable penalty charges, will, at the option of the Lending Institution, become immediately due and payable. The Lending Institution shall not be under any obligation to accept or process any requests for deferment filed after the debt has been declared due and payable under this provision.

(3)  I understand that if I am delinquent on my loan repayments, the Lending Institution will disclose that I have defaulted, along with other relevant information. to credit bureau organizations.

(4)  I understand that failure to pay this obligation under the terms agreed upon will prevent my obtaining copies of my student records including my diploma, grades, and academic and financial aid transcripts until I have made arrangements which are satisfactory to the Lending Institution regarding the repayment of the loan.

(5)  I understand that if I am delinquent on any portion of my loan repayment, pursuant to California law, the Lending Institution shall have the right to obtain all or any portion of any monies due me from the State of California as payment toward the amount of my loan that is delinquent.

### DEFERMENT

(6)  Interest will not accrue, and installments need not be paid:
(A) While I am enrolled and in attendance as at least a half-time student at an institution of higher education or at a comparable institution outside the United States approved for this purpose by the Lending Institution; or
(B) for a period not in excess of 3 years during which I am:
   (i)  on full-time active duty as a member of the Armed Forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard), or
   (ii)  in service as a Volunteer under the Peace Corps Act, or
   (iii)  a VISTA volunteer under Title I--Part A of the Domestic Volunteer Service Act, or
   (iv)  a full-time volunteer in a tax-exempt organization performing service comparable to the service performed by Peace Corps or ACTION agency volunteers, or
   (v)  temporarily totally disabled as established by an affidavit of a qualified physician, or
   (vi)  unable to secure employment because I am providing care required by my spouse who is so disabled, or
   (vii)  an officer on full-time active duty in the Commissioned Corps of the U.S. Public Health Service; or
(C) during any period when I am serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency. Active duty does not include active duty for training or attendance at a service school or employment in a full-time. permanent position in the National Guard unless I am reassigned from that position to another form of active duty service; or
(D) for a period not in excess of two years during which time I am serving in an internship which is required in order that I may receive professional recognition required to begin my professional practice or service; or
(E) The Lending Institution may. upon my application, defer or reduce any scheduled repayments if, in its opinion, extraordinary circumstances, such as prolonged illness or unemployment, prevent me from making such repayments. However, interest will continue to accrue.

(7)  I understand that I must file the necessary forms for deferment by the dates established by the Lending Institution in order to gain these benefits.

---

### --SEE REVERSE SIDE--

### DEATH AND DISABILITY CANCELLATION

(8)  If I should die or become permanently and totally disabled. the entire amount of this loan plus the interest thereon shall be cancelled.

USLPN707 rev 52010 ra

55

UNIVERSITY OF CALIFORNIA, DAVIS

PROMISSORY NOTE
UNIVERSITY STUDENT LOAN
5%

#### CHANGE IN NAME, ADDRESS, AND SOCIAL SECURITY NUMBER

(9)   I am responsible for informing the relevant office at the Lending Institution of any change or changes in name, address, or Social Security number.

#### PENALTY CHARGE

(10)  If I fail to make timely payment of all or any part of a scheduled installment, or if I am eligible for deferment under paragraphs II(6), (7), or (8) but fail to submit the appropriate request on time, I promise to pay the charge assessed against me by the Lending Institution.
No charge may exceed (1) where the loan is repayable in monthly installments, $1 for the first month or part of a month by which the installment or evidence is late, and $2 for each month or part of a month thereafter; or (2) in the case of a loan which is repayable in bimonthly or quarterly installments, $3 and $6, respectively, for each installment interval or part thereof by which the installment or evidence is late.
If the Lending Institution elects to add the assessed charge to the outstanding principal of the loan, it must so inform me before the due date of the next installment.

#### DISCLOSURE OF INFORMATION

(11)  I understand that the Lending Institution may disclose information on this loan to credit bureau organizations.  The disclosure may include, but shall not be limited to, information about delinquency of repayments.

#### WAIVER

Every borrower of this note hereby waives all rights and benefits conferred by any and all statutes of limitations now or hereafter applicable to the indebtedness evidenced by this note.  I hereby certify (1) that I understand I am receiving a loan which must be repaid; (2) that my rights and obligations under this loan are contained in the above terms; (3) I have read this promissory note; and (4) I have received a copy of this note.

Print Name:  Dewey, Melike                                                    Student I.D. # � �

Signature  E-SIGNED BY Melike  Dewey                                          Date  17 Dec 15 18:03:08 PST

Permanent
Address    P.O. BOX 73051                                            DAVIS, CA 95617
                                    *(Street or Box Number, City, State and ZIP Code)*

Local Address_____
                                    *(Street or Box Number, City, State and ZIP Code)*

Caveat--This note is to be executed without security and without endorsement.

*PRIVACY NOTIFICATIONS
Maintenance of this information is authorized by University Policy.  The main purpose for requesting this information is to be able to collect on the student loan if the borrower fails to make payment.  Information furnished on this form may be used by various University, State, or Federal departments, or designated University agents, for bill collection and related purposes, including the State of California Tax Offset program.  You have the right of access to records about you.  The official responsible for maintaining the information on this form is the campus Loan Collection Manager.

In accordance with the Federal Privacy Act of 1974, you are hereby notified that disclosure of your Social Security number is mandatory.  This recordkeeping system was established prior to January 1, 1975, pursuant to (1) the authority of The Regents of the University of California under article IX, Section 9 of the California Constitution and (2) the Financial Aid Information System Users Manual, University of California, June 1974.  The Social Security number is used to verify your identity.

USLPN707 rev 52010.ra

56

Fund Sequence History Inquiry Form  RHIAFSH  8.22.1  (prod)

Dir. Config

ID:  999859346   Dewey, Melike            Start with Fund:

## Fund Summary

Fund:  **USL**   University Student Loan          Type:  LOAN  Loan
Source:  INST   Institutional Aid              Federal Fund ID:

| Awards | Award Schedule | Direct Loan Information | Non-Direct Loan Information |

| Aid Year | Status | Offered | Accepted | Authorized | Memoed | Paid | System Indicator |
|---|---|---|---|---|---|---|---|
| 1516 | ACPT | 991.00 | 991.00 | | | 991.00 | M |
| | | | | | | | |
| **Totals:** | | 991.00 | 991.00 | | | 991.00 | |

## Overrides for Fund

| | | | |
|---|---|---|---|
| Unmet Need: N=No | Fund Limit: N=No | Tracking Requirement: N=No | Year in College: N=No override |
| Replace EFC: N=No | Federal Limit: N=No | Fund Award Rule: N=No | No Pell: N=No |

57

Account Inquiry

MENU | LOGOUT

Message:

Account: [_____] [Find]

Select Option

**U C DAVIS**
MELIKE DEWEY
P.O. BOX 1005
LOS ANGELES, CA 90078
323-915-1208
mdewey@ucdavis.edu

| Fund Type | Loan Amt | Payoff | Balance | Principal | Interest | Pen/Late/Oth | Agency | Inhouse | Mos Delq | Cohort Year | Rate | Freq | Payment | Last Payment | Check | Amount | First Disb | Sep Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| USL01A | 991.00 | 1,066.43 | 991.00 | 991.00 | 45.43 | 30.00 | | | 9 | -NO- | .05000 | Q | 90.00 | | | | 01/08/2016 | 07/01/2017 |
| Totals | 991.00 | 1,066.43 | 991.00 | 991.00 | 45.43 | 30.00 | | | | | | | 90.00 | | | | | |

There are no transactions on file for your account.

Return to the [Menu].

Page agsoz (ver. 01.01.17)

https://www.ecsi.net/cgi-bin/webx.exe[11/30/2018 7:51:55 AM]

Account Inquiry

58

## DOCUMENT AUDIT TRAIL

### PERSONAL DATA

Dewey, Melike



P.O. BOX 73051

DAVIS, CA 95617

(323) 915-6506



### SCHOOL

UC Davis

Financial Aid Office

Davis, CA 95616-8596

### HISTORY

Database accessed: 17 Dec 15 17:59:43 PST

Submitted to Database: 17 Dec 15 18:03:07 PST

Data returned by authentication: 17 Dec 15 18:03:08 PST

Return Status: A

59

Loan No: 999859346
Date: 10/9/2015

**Financial Aid and Scholarships**
**Short-Term Loan Unit**
**One Shields Avenue**
**Davis, California 95616-8596**

## UC DAVIS PROMISSORY NOTE
### Alumni Emergency Loan – Fund 102206

| Melike Dewey | mdewey@ucdavis.edu | | | 999859346 |
|---|---|---|---|---|
| Student's Name | Email Address | | | Student I.D. |
| P.O. Box 73051 | Davis | CA | 93617 | (323) 915-1658 |
| Local Address | City | State | Zip | Phone # |
| P.O. Box 1005 | Los Angeles | CA | 90078 | (323) 915-1658 |
| Permanent Address | City | State | Zip | Phone # |

> TOTAL AMOUNT DUE: $1,155          DATE DUE: 10/12/2015

For value received, I promise to pay to the order of The Regents of the University of California, at the Cashier's Office of the University of California, Davis, the total amount indicated above on or before the due date listed above.

Failure to pay by the due date will constitute a breach of this contract. In the event that I breach any provision of this note, I understand that the interest will accrue at the rate of 1% per month.

I understand that I may be required to present a receipt from the Cashier's Office of the University of California, Davis as proof of payment of this note before future loans can be approved.

This note (and any accrued interest thereon) shall become immediately due and payable in the event that I withdraw[1] or graduate from the University of California, Davis, and that any portion that is past due may be referred to a collection agency.

I understand that failure to pay may also result in the imposition of administrative sanctions, including, but not limited to, bars on future registration and holds on the transcripts, records, financial aid, and diplomas until paid in full. In addition, I understand that delinquent payment of any portion of this note may result in penalties on or denial of future loans.

In the event that it becomes necessary to enforce the payment of this note or any part thereof, by action of law or otherwise, I agree to pay all costs of collection, including a reasonable fee for an attorney. The University of California reserves the right to charge the statutory limit on interest in the event of a judgment regarding payment of this note.

I waive presentment for payment, protest, notice of protest and notice of non-payment, and waive all rights and benefits conferred by the statute of limitations in any action upon this note to the extent permitted by Section 360.5 of the California Code of Civil Procedure.

I understand that the lending institution may disclose the amount of my indebtedness, repayment history and other relevant information to credit bureau organizations.

There is no penalty for prepayment of this note.

_____          _____
Student's Signature                                                       Date

[1] For purposes of financial aid, dismissal, filing fee, PELP, dropped from classes, cancelled registration, and ceased to be enrolled are all considered to be withdrawn

Publications\SharedLoanDocs\PromNoteAlumniEmerg

60

*Exhibit 1*

Dashboard · Aid Summary

LOAN TYPE

# Direct Unsubsidized

UNIVERSITY OF CALIFORNIA, DAVIS
OPE ID
00131300



Loans
**$1,241**
Total Balance ⑦

$1,169
Principal ⑦
$72
Interest ⑦

*Loan Information as of 06/30/2021*

**LOAN PERIOD** ⑦
03/30/2015 -
06/04/2015

**LOAN STATUS** ⑦
Forbearance
View loan status history

**INTEREST RATE** ⑦
0.00% (fixed)

**REAFFIRMATION DATE** ⑦
N/A

**PSLF CUMULATIVE MATCH MONTHS** ⑦
N/A
Learn more about loan
forgiveness

## Repayment Details

REPAYMENT PROGRESS ⑦

**$0 Paid Off(0%)**      Amount Remaining **$1,241**

**NEXT PAYMENT DUE DATE** ⑦
**10/28/2024**
Lower my payment

**LAST PAYMENT MADE ON** ⑦
N/A

**ENTERED REPAYMENT** ⑦
03/16/2018

**REPAYMENT PLAN** ⑦
Standard Repayment
Plan
Explore different
repayment options

**IDR ANNIVERSARY DATE** ⑦
N/A

## Disbursements

| Disbursement Date ⑦ | Amount ⑦ |
|---|---|
| 04/03/2015 | $998 |
| **TOTAL AMOUNT DISBURSED**    ⑦ | **$998**<br>Out of $998 |

## Contact Your Servicer

DEPT OF ED/NELNET

✉ nelnet.com

✉ nelnetcustomersolutions@nelnet.com

✆ 888-486-4722

🏢 PO BOX 740283 ATLANTA, GA 303740283

62

Dashboard   •   Aid Summary

**LOAN TYPE**

# Direct Unsubsidized



Loans
**$1,270**
Total Balance ⓘ

**$1,196**
Principal ⓘ
**$74**
Interest ⓘ

*Loan Information as of 06/30/2021*

**LOAN PERIOD** ⓘ
10/02/2014 - 12/12/2014

**LOAN STATUS** ⓘ
Forbearance
View loan status history

**INTEREST RATE** ⓘ
0.00% (fixed)

**REAFFIRMATION DATE** ⓘ
N/A

**PSLF CUMULATIVE MATCH MONTHS** ⓘ
N/A
Learn more about loan forgiveness

## Repayment Details

**REPAYMENT PROGRESS** ⓘ

**$0 Paid Off(0%)**                                          Amount Remaining **$1,270**

| NEXT PAYMENT DUE DATE ⓘ | LAST PAYMENT MADE ON ⓘ | ENTERED REPAYMENT ⓘ | REPAYMENT PLAN ⓘ | IDR ANNIVERSARY DATE ⓘ |
|---|---|---|---|---|
| **10/28/2024**<br>Lower my payment | N/A | 03/16/2018 | Standard Repayment Plan<br>Explore different repayment options | N/A |

## Disbursements

| Disbursement Date ⓘ | Amount ⓘ |
|---|---|
| 12/26/2014 | $0 |
| 10/07/2014 | $1,001 |
| **TOTAL AMOUNT DISBURSED** ⓘ | **$1,001**<br>Out of $1,001 |

## Contact Your Servicer

DEPT OF ED/NELNET

✉ nelnet.com

✉ nelnetcustomersolutions@nelnet.com

☎ 888-486-4722

🏛 PO BOX 740283 ATLANTA, GA 303740283



63

Dashboard · Aid Summary

LOAN TYPE

# Direct Subsidized

*UNIVERSITY OF CALIFORNIA, DAVIS*
OPE ID
00131300



Loans
$1,996
Total Balance ⑦

$1,887
Principal ⑦
$109
Interest ⑦

*Loan Information as of 06/30/2021*

**LOAN PERIOD** ⑦
06/22/2015 -
09/11/2015

**LOAN STATUS** ⑦
Forbearance
View loan status history

**INTEREST RATE** ⑦
0.00% (fixed)

**REAFFIRMATION DATE** ⑦
N/A

**PSLF CUMULATIVE MATCH MONTHS** ⑦
N/A
Learn more about loan
forgiveness

## Repayment Details

**REPAYMENT PROGRESS** ⑦

**$0 Paid Off(0%)**                                    Amount Remaining $1,996

**NEXT PAYMENT DUE DATE** ⑦   **LAST PAYMENT MADE ON** ⑦   **ENTERED REPAYMENT** ⑦   **REPAYMENT PLAN** ⑦   **IDR ANNIVERSARY DATE** ⑦
10/28/2024                    N/A                          03/16/2018                Standard Repayment      N/A
Lower my payment                                                                     Plan
                                                                                     Explore different
                                                                                     repayment options

## Disbursements

| Disbursement Date ⑦ | Amount ⑦ |
|---|---|
| 06/14/2015 | $1,833 |
| **TOTAL AMOUNT DISBURSED** ⑦ | **$1,833** Out of $1,833 |

## Contact Your Servicer

DEPT OF ED/NELNET

🖵 nelnet.com

✉ nelnetcustomersolutions@nelnet.com

☎ 888-486-4722

🏢 PO BOX 740283 ATLANTA, GA 303740283

1/1

64

Dashboard · Aid Summary

**LOAN TYPE**

## Direct Subsidized



$1,996
Total Balance ?

$1,887
Principal ?

$109
Interest ?

*Loan Information as of 06/30/2021*

**LOAN PERIOD** ?
10/02/2014 -
12/12/2014

**LOAN STATUS** ?
Forbearance
View loan status history

**INTEREST RATE** ?
0.00% (fixed)

**REAFFIRMATION DATE** ?
N/A

**PSLF CUMULATIVE MATCH MONTHS** ?
N/A
Learn more about loan forgiveness

## Repayment Details

**REPAYMENT PROGRESS** ?

**$0 Paid Off**(0%)                                            Amount Remaining **$1,996**

**NEXT PAYMENT DUE DATE** ?
**10/28/2024**
Lower my payment

**LAST PAYMENT MADE ON** ?
N/A

**ENTERED REPAYMENT** ?
03/16/2018

**REPAYMENT PLAN** ?
Standard Repayment Plan
Explore different repayment options

**IDR ANNIVERSARY DATE** ?
N/A

## Disbursements

| Disbursement Date ? | Amount ? |
|---|---|
| 12/26/2014 | $0 |
| 10/07/2014 | $1,833 |
| **TOTAL AMOUNT DISBURSED** ? | **$1,833** |
| | Out of $1,833 |

## Contact Your Servicer

DEPT OF ED/NELNET

✉ nelnet.com

✉ nelnetcustomersolutions@nelnet.com

☏ 888-486-4722

🏢 PO BOX 740283 ATLANTA, GA 303740283

65

Dashboard · Aid Summary

LOAN TYPE

# Direct Subsidized

*UNIVERSITY OF CALIFORNIA, DAVIS*
OPE ID
00131300

Loans
**$1,997**
Total Balance ⓘ

$1,888
Principal ⓘ
$109
Interest ⓘ

*Loan Information as of 06/30/2021*

**LOAN PERIOD** ⓘ
03/30/2015 -
06/04/2015

**LOAN STATUS** ⓘ
Forbearance
View loan status history

**INTEREST RATE** ⓘ
0.00% (fixed)

**REAFFIRMATION DATE** ⓘ
N/A

**PSLF CUMULATIVE MATCH MONTHS** ⓘ
N/A
Learn more about loan forgiveness

## Repayment Details

REPAYMENT PROGRESS ⓘ

**$0 Paid Off(0%)**                    Amount Remaining **$1,997**

**NEXT PAYMENT DUE DATE** ⓘ
**10/28/2024**
Lower my payment

**LAST PAYMENT MADE ON** ⓘ
N/A

**ENTERED REPAYMENT** ⓘ
03/16/2018

**REPAYMENT PLAN** ⓘ
Standard Repayment Plan
Explore different repayment options

**IDR ANNIVERSARY DATE** ⓘ
N/A

## Disbursements

| Disbursement Date ⓘ | Amount ⓘ |
|---|---|
| 04/03/2015 | $1,834 |
| **TOTAL AMOUNT DISBURSED** ⓘ | **$1,834** Out of $1,834 |

## Contact Your Servicer

DEPT OF ED/NELNET

✉ nelnet.com

✉ nelnetcustomersolutions@nelnet.com

☎ 888-486-4722

🖷 PO BOX 740283 ATLANTA, GA 303740283

66

Dashboard   ›   Aid Summary

LOAN TYPE

# Direct Unsubsidized

*UNIVERSITY OF CALIFORNIA, DAVIS*
OPE ID
00131300



Loans
**$3,566**
Total Balance ⑦

**$3,374**
Principal ⑦
**$192**
Interest ⑦

*Loan Information as of 06/30/2021*

**LOAN PERIOD** ⑦
09/24/2015 -
06/02/2016

**LOAN STATUS** ⑦
Forbearance
View loan status history

**INTEREST RATE** ⑦
0.00% (fixed)

**REAFFIRMATION DATE** ⑦
N/A

**PSLF CUMULATIVE MATCH MONTHS** ⑦
N/A
Learn more about loan forgiveness

## Repayment Details

**REPAYMENT PROGRESS** ⑦

**$0 Paid Off(0%)**                                            Amount Remaining **$3,566**

**NEXT PAYMENT DUE DATE** ⑦
# 10/28/2024
Lower my payment

**LAST PAYMENT MADE ON** ⑦
N/A

**ENTERED REPAYMENT** ⑦
03/16/2018

**REPAYMENT PLAN** ⑦
Standard Repayment
Plan
Explore different
repayment options

**IDR ANNIVERSARY DATE** ⑦
N/A

## Disbursements

| Disbursement Date ⑦ | Amount ⑦ |
|---|---|
| 03/18/2016 | $1,000 |
| 12/25/2015 | $1,000 |
| 10/12/2015 | $1,000 |
| **TOTAL AMOUNT DISBURSED** ⑦ | **$3,000** |
| | Out of $3,000 |

## Contact Your Servicer

DEPT OF ED/NELNET

🖵 nelnet.com

✉ nelnetcustomersolutions@nelnet.com

☏ 888-486-4722

🏢 PO BOX 740283 ATLANTA, GA 303740283



67

Dashboard · Aid Summary

LOAN TYPE

# Direct Subsidized

*UNIVERSITY OF CALIFORNIA, DAVIS*
OPE ID
00131300



Loans
**$5,951**
Total Balance ⑦

$5,650
Principal ⑦

$301
Interest ⑦

*Loan Information as of 06/30/2021*

**LOAN PERIOD** ⑦
09/24/2015 -
06/02/2016

**LOAN STATUS** ⑦
Forbearance
View loan status history

**INTEREST RATE** ⑦
0.00% (fixed)

**REAFFIRMATION DATE** ⑦
N/A

**PSLF CUMULATIVE MATCH MONTHS** ⑦
N/A

Learn more about loan
forgiveness

## Repayment Details

REPAYMENT PROGRESS ⑦

**$0 Paid Off(0%)**                    Amount Remaining **$5,951**

**NEXT PAYMENT DUE DATE** ⑦
**10/28/2024**
Lower my payment

**LAST PAYMENT MADE ON** ⑦
N/A

**ENTERED REPAYMENT** ⑦
03/16/2018

**REPAYMENT PLAN** ⑦
Standard Repayment
Plan
Explore different
repayment options

**IDR ANNIVERSARY DATE** ⑦
N/A

## Disbursements

| Disbursement Date ⑦ | Amount ⑦ |
|---|---|
| 03/18/2016 | $1,834 |
| 12/25/2015 | $1,833 |
| 10/11/2015 | $166 |
| 09/14/2015 | $1,667 |
| TOTAL AMOUNT DISBURSED ⑦ | **$5,500** |
| | Out of $5,500 |

## Contact Your Servicer

DEPT OF ED/NELNET

⌨ nelnet.com

✉ nelnetcustomersolutions@nelnet.com

☎ 888-486-4722

🖶 PO BOX 740283 ATLANTA, GA 303740283



68

Dashboard  ›  Aid Summary
LOAN TYPE

# Federal Perkins

*UNIVERSITY OF CALIFORNIA, DAVIS*
OPE ID
00131300

Loans

## $0

Total Balance ⓘ

$0
Principal ⓘ
$0
Interest ⓘ

*Loan Information as of*

LOAN PERIOD ⓘ
N/A

LOAN STATUS ⓘ
Cancelled
View loan status history

INTEREST RATE ⓘ
N/A N/A

REAFFIRMATION DATE ⓘ
N/A

PSLF CUMULATIVE MATCH
MONTHS ⓘ
N/A
Learn more about loan
forgiveness

## Repayment Details

NEXT PAYMENT DUE DATE
ⓘN/A
Lower my payment

LAST PAYMENT MADE ON
ⓘ
N/A

ENTERED REPAYMENT ⓘ
N/A

REPAYMENT PLAN ⓘ
N/A
Explore different
repayment options

IDR ANNIVERSARY DATE ⓘ
N/A

## Contact Your Servicer

UNIVERSITY OF CALIFORNIA, DAVIS

🏛 ONE SHIELDS AVENUE DAVIS, CA 956168558

‹Previous Loan  |  Next Loan›

69

*Exhibit 2*

70

# FEDERAL PERKINS LOAN MASTER PROMISSORY NOTE

OMB No. 1845-0074   Form Approved   Expiration Date 09/30/2015

## Section A: Borrower Section

| | |
|---|---|
| 1. Name (last, first, middle initial) and<br>   Permanent Address (street, city, state, zip code)<br>**Dewey, Melike**<br>**P.O. BOX 1005**<br><br>**LOS ANGELES, CA 90078** | 2. Social Security Number ▓▓▓▓▓▓ |
| | 3. Date of Birth (mm/dd/yyyy) ▓▓▓▓ |
| | 4. Home Area Code/Telephone Number **(323) 973-8384** |
| | 5. Driver's License Number (List state abbreviation first)<br>**N/A N/A** |

## Section B: School Section

| | |
|---|---|
| 6. School Name & Address (street, city, state, zip code)<br>**UC Davis**<br><br>**Financial Aid Office**<br><br>**Davis, CA 95616-8596** | 7. Annual Interest Rate<br><br>**5%** |

[Any bracketed clause or paragraph may be included at option of institution]

## Terms and Conditions: (Note: Additional Terms and Conditions follow on subsequent pages)

**APPLICABLE LAW** - The terms of this Federal Perkins Loan Master Promissory Note (hereinafter called the Note) and any disbursements made under this Note shall be interpreted in accordance with Part E of Title IV of the Higher Education Act of 1965, as amended (hereinafter called the Act), as well as Federal regulations issued under the Act. All sums advanced under this Note are subject to the Act and Federal regulations issued under the Act.

**REPAYMENT** - I am obligated to repay the principal and the interest that accrues on my loan(s) to the above-named institution (hereinafter called the School) over a period beginning 9 months (or sooner if I am a Less-Than-Half-Time Borrower) after the date I cease to be at least a half-time student at an institution of higher education or a comparable School outside the United States approved by the United States Department of Education (hereinafter called the Department) and ending 10 years later, unless I request in writing that my repayment period begin sooner. I understand that the School will report the amount of my installment payments, along with the amount of this loan to at least one national credit bureau. Interest on this loan shall accrue from the beginning of the repayment period. My repayment period may be shorter than 10 years if I am required by my School to make minimum monthly payments. My repayment period may be extended during periods of deferment, hardship, or forbearance and I may make graduated installments in accordance with a schedule approved by the Department. I will make my installment payments in equal monthly, bimonthly, or quarterly installments as determined by the School. The School may round my installment payment to the next highest multiple of $5. [I will make a minimum monthly repayment of $40 or $30 if I have outstanding Federal Perkins Loans made before October 1, 1992 that included the $30 minimum payment option or outstanding National Direct Student Loans) in accordance with the Minimum Monthly Payment Section of the Terms and Conditions contained on the reverse side of this document.]

**LATE CHARGES** - The School may impose late charges if I do not make a scheduled payment when due or if I fail to submit to the School on or before the due date of the payment, a properly documented request for any of the forbearance, deferment, or cancellation benefits as described below. No late charges may exceed 20 percent of my monthly, bimonthly, or quarterly payment. The School may add the late charges to principal the day after the scheduled payment was due or include it with the next scheduled payment after I have received notice of the charge, and such notice is sent before the next installment is due.

**FORBEARANCE, DEFERMENT, OR CANCELLATION** - I may apply for a forbearance, deferment, or cancellation on my loan. During an approved forbearance period, payments of principal and interest, or principal only, may be postponed or reduced. Interest continues to accrue while my loan is in forbearance. During an approved deferment period, I am not required to make scheduled installment payments on my loan. I am not liable for any interest that might otherwise accrue while my loan is in deferment. If I meet the eligibility requirements for a cancellation of my loan, the institution may cancel up to 100 percent of the outstanding principal loan amount. Information on eligibility and application requirements for forbearances, deferments, and cancellations is provided on pages 2 through 4 of this Note. I am responsible for submitting the appropriate requests on time, and I may lose my benefits if I fail to file my request on time.

**DEFAULT** - The School may, at its option, declare my loan to be in default if (1) I fail to make a scheduled payment when due; (2) I fail to submit to the School, on or before the due date of a scheduled payment, documentation that I qualify for a forbearance, deferment, or cancellation; or (3) I fail to comply with the terms and conditions of this Note or written repayment agreement. The School may assign a defaulted loan to the Department for collection. I will be ineligible for any further federal student financial assistance authorized under the Act until I make arrangements that are satisfactory to the School or the Department to repay my loan. The School or the Department shall disclose to credit bureau organizations that I have defaulted and all other relevant loan information. I will lose my right to defer payments and my right to forbearance if I default on my loan. The School or the Department may accelerate my defaulted loan. Acceleration means that the School or the Department demands immediate payment of the entire unpaid balance of the loan, including principal, interest, late charges, and collection costs. I will lose my right to receive cancellation benefits for service that is performed after the date the School or the Department accelerated the loan.

**CHANGE OF STATUS** - I will inform the School of any change in my name, address, telephone number, Social Security Number, or driver's license number.

**AUTHORIZATION:** - I authorize the School, the Department, and their respective agents and contractors to contact me regarding my loan request or my loan(s), including repayment of my loan(s), at the current or any future number that I provide for my cellular phone or other wireless device using automated telephone dialing equipment or artificial or pre-recorded voice or text messages.

**PROMISE TO PAY:** I promise to pay the School, or a subsequent holder of the Note, all sums disbursed under the terms of this Note, plus interest and other fees which may become due as provided in this Note. **I understand that multiple loans may be made to me under this Note.** I understand that by accepting any disbursements issued at any time under this Note, I agree to repay the loans. I understand that each loan is separately enforceable based on a true and exact copy of this Note. I understand that I may cancel or reduce the amount of any loan by not accepting or by returning all or a portion of any disbursement that is issued. If I do not make any payment on any loan under this Note when it is due, I promise to pay all reasonable collection costs, including attorney fees, court costs, and other fees. I will not sign this Note before reading the entire Note, even if I am told that I am not required to read it. I am entitled to an exact copy of this Note. This loan has been made to me without security or endorsement. My signature certifies I have read, understand, and agree to the terms and conditions of this Note.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MASTER PROMISSORY NOTE AND THAT I MUST REPAY SUCH LOANS.**

E-SIGNED BY Melike  Dewey                    18 Jun 15 10:46:26 PDT
_____             _____
Borrower's Signature                          Date

Page 1 of 4

71

## Terms and Conditions (cont.)

**DISCLOSURE OF LOAN TERMS** - I understand that under this Note, the principal amount that I owe, and am required to repay, will be the sum of all disbursements issued unless I reduce or cancel any disbursements. The School will determine whether to make any loan under this Note after my loan eligibility is determined. At or before the time of first disbursement for each loan, a disclosure statement will be provided to me identifying the amount of the loan and any additional terms of the loan. I may decline a loan or request a lower amount than the loan by contacting the School. Any disclosure statement I receive in connection with any loan under this Note is hereby incorporated into this Note.

**LOAN REHABILITATION** - If I default on my Federal Perkins Loan, and that loan has not been reduced to a judgment as a result of litigation against me, I may rehabilitate my defaulted loan by requesting the rehabilitation and by making a voluntary, on-time, monthly payment, as determined by the School, each month for nine consecutive months. If I successfully rehabilitate my defaulted Federal Perkins Loan, I will again be subject to the terms and conditions and qualify for any remaining benefits and privileges of this Note and the default will be removed from my credit history. **I understand that I may rehabilitate a defaulted Federal Perkins Loan only once**. After my loan is rehabilitated, collection costs on the loan may not exceed 24 percent of the unpaid principal and accrued interest as of the date following the application of the ninth consecutive payment. If I default on my rehabilitated loan, the cap on collection costs is removed.

**ASSIGNMENT** - A loan made under this Note may be assigned by the School only to the United States, as represented by the United States Department of Education. Upon assignment, the provisions of this Note that relate to the School will, where appropriate, relate to the Department.

**HARDSHIP REPAYMENT OPTIONS** - Upon my written request, the School may extend my repayment period (1) for up to an additional 10 years if I qualify as a low-income individual during the repayment period; or (2) for the period necessary beyond my 10 year repayment period if, in the School's opinion, prolonged illness or unemployment prevent me from making the scheduled repayments. Interest will continue to accrue during any extension of a repayment period.

If I am required by the School to make a minimum monthly payment on my loan, the School may also permit me to pay less than the minimum monthly payment amount for a period of not more than one year at a time if I experience a period of prolonged illness or unemployment. However, such action may not extend the repayment period beyond 10 years.

**GRACE PERIODS** - Unless I am a Less-Than-Half-Time Borrower, I will receive an initial nine-month grace period before the first payment of my Federal Perkins Loan must be made. After the close of an authorized deferment period, I will receive a post-deferment grace period of 6 months before my payments resume. Interest does not accrue during the initial grace period or during the post-deferment grace period. The nine-month initial grace period for Federal Perkins Loans does not include any period up to three years during which I am called or ordered to active duty for more than 30 days from a reserve component of the Armed Forces of the United States, including the period necessary for me to resume enrollment at the next available enrollment period. I must notify the school that made my loan of the beginning and ending dates of my service, and the date I resume enrollment. If I am in my initial grace period when called or ordered to active duty, I am entitled to a new nine-month initial grace period upon completion of the excluded period.

If I am a Less-Than-Half-Time Borrower with outstanding Federal Perkins Loans, my repayment period begins when the next scheduled installment of my outstanding loan is due. If I am a Less-Than-Half-Time Borrower with no other outstanding Federal Perkins Loans, my repayment begins the earlier of: 9 months from the date my loan was made, or 9 months from the date I became a less-than-half-time student, even if I received the loan after I became a less-than-half-time student.

**PREPAYMENT** - I may prepay all or any part of my unpaid loan balance, plus any accrued interest, at any time without penalty. Amounts I repay in the academic year in which the loan was made and before the initial grace period has ended will be used to reduce the amount of the loan and will not be considered a prepayment. If I repay amounts during the academic year in which the loan was made and the initial grace period has ended, only those amounts in excess of the amount due for any repayment period shall

be considered a prepayment. If, in an academic year other than the academic year in which the loan was made, I repay more than the amount due for an installment, the excess funds will be used to repay principal unless I designate it as an advance payment of the next regular installment.

**MINIMUM MONTHLY PAYMENT** - If required by the School, I will make a minimum monthly payment in the amount of $40 (or $30 if I have outstanding Federal Perkins Loans made before October 1, 1992 that included the $30 minimum payment option or outstanding National Direct Student Loans) or its bimonthly or quarterly equivalent. If the total monthly payment amount on this loan and any outstanding Federal Perkins Loans I may have is less than the minimum monthly payment amount established by the School, the School may still require a minimum monthly payment amount. A minimum monthly payment amount will combine my obligation on this and all my outstanding Federal Perkins Loans, unless I have received loans with different grace periods and deferments. At my request and if I am eligible, the school may combine this minimum monthly payment amount with all my outstanding Federal Perkins Loans including those made at other schools. Under these circumstances the portions of the minimum monthly payment that will be applied to this loan will be the difference between the minimum monthly payment amount and the total amounts owed on a monthly basis on my other Federal Perkins Loans. If each school holding my outstanding Federal Perkins Loans exercises the minimum monthly payment amount option, the minimum monthly payment amount will be divided among the Schools in proportion to the loan amount advanced by each school if I request this treatment from each School.

**FORBEARANCE** - Upon making a properly documented written or oral request to the School, I am entitled to forbearance of principal and interest or principal only, renewable at intervals of up to 12 months for periods that collectively do not exceed three years, under the following conditions: If my monthly Title IV loan debt burden equals or exceeds 20 percent of my total monthly gross income; if the Department authorizes a period of forbearance due to a national military mobilization or other national emergency; or if the School determines that I qualify due to poor health or for other reasons, including service in AmeriCorps. Interest accrues during any period of forbearance.

**DEFERMENTS** - To apply for a deferment, I must request the deferment from the school. My request does not have to be in writing, but the School may require that I submit supporting documentation to prove my eligibility for a deferment. I may defer making scheduled installment payments and will not be liable for any interest that might otherwise accrue (1) during any period that I am enrolled and attending as a regular student in at least a half-time course of study at an eligible School (if the School obtains student enrollment information showing that I qualify for this deferment, the School may grant the deferment without my request providing the School notifies me and gives me the option to cancel the deferment); (2) during any period that I am enrolled and attending as a regular student in a graduate fellowship program approved by the Department; engaged in graduate or post-graduate fellowship-supported study outside the US; enrolled and attending a rehabilitation training program for disabled individuals approved by the Department; or engaged in public service that qualifies me to have part or all of my loan canceled; (3) for a period not to exceed three years during which I am seeking but unable to find full-time employment; (4) for a period not to exceed three years, for up to one year at a time, during which I am experiencing an economic hardship as determined by the School. I may qualify for an economic hardship deferment for my Federal Perkins Loan if I provide my school with documentation showing that I have been granted such a deferment under the William D. Ford Federal Direct Loan or Federal Family Education Loan program for the period of time for which I am requesting an economic hardship deferment for my Federal Perkins Loan. If I am serving as a volunteer in the Peace Corps, I am eligible for an economic hardship deferment for my full term of service. An economic hardship deferment based on service as a Peace Corps volunteer may not exceed the lesser of three years or my remaining period of economic hardship eligibility; (5) , during any period when I am serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency (as these terms are defined in 34 CFR 674.34(h) of the Perkins Loan Program regulations) and, if my active duty service includes October 1, 2007 or begins on or after that date, for an additional 180-day period following the demobilization date for my service; and (6) if I am serving on active duty military service on October 1, 2007, or begin serving on or after that date, for at least a 30-day period, for up to 13 months following the conclusion of my active duty military

72

## Terms and Conditions (cont.)

service and initial grace period or until I return to enrolled student status, whichever is earlier, if I am a member of the National Guard or other reserve component of the Armed Forces of the United States or a member of such forces in retired status (as these terms are defined in 34 CFR 674.34(i)(2)) and I was enrolled in a program of instruction at the time I was called to active duty, or within six months prior to the time I was called to active duty.  Active duty does not include active duty for training or attendance at a service school or employment in a full-time, permanent position in the National Guard unless I am reassigned from that position to another form of active duty service.

I may continue to defer making scheduled installment payments and will not be liable for any interest that might otherwise accrue for a six-month period immediately following the expiration of any deferment period described in this section.

I am not eligible for a deferment while serving in a medical internship or residency program.

**CANCELLATIONS** - Upon making a properly documented written request to the School, I am entitled to have up to 100 percent of the original principal loan amount of this loan canceled if I perform qualifying service in the areas listed in paragraphs A through K below. Other cancellation percentages apply if I perform qualifying service in the areas listed in paragraphs L and M, as explained in those paragraphs. Qualifying service must be performed after the enrollment period covered by the loan.

**A. Teaching** • a full-time teacher in a public or other nonprofit elementary or secondary school or in a school or location operated by an educational service agency that has been designated by the Department in accordance with the provisions of section 465(a)(2) of the Act as a school with a high concentration of students from low-income families. An official Directory of designated low-income schools and locations operated by educational service agencies is published annually by the Department. • a full-time special education teacher in a public or nonprofit elementary or secondary school system, including a system administered by an educational service agency; or • a full-time teacher, in a public or other nonprofit elementary or secondary school system who teaches mathematics, science, foreign languages, bilingual education, or any other field of expertise that is determined by the State Department of Education to have a shortage of qualified teachers in that State.

**B. Early Intervention Services** • a full-time qualified professional provider of early intervention services in a public or other nonprofit program under public supervision by a lead agency as authorized by section 632(5) of the Individuals with Disabilities Education Act.  Early intervention services are provided to infants and toddlers with disabilities.

**C. Law Enforcement or Corrections Officer** • a full-time law enforcement officer for an eligible local, State, or Federal law enforcement agency; or • a full-time corrections officer for an eligible local, State, or Federal corrections agency.

**D. Nurse or Medical Technician** • a full-time nurse providing health care services; or • a full-time medical technician providing health care services.

**E. Child or Family Service Agency** • a full-time employee of an eligible public or private non-profit child or family service agency who is directly providing or supervising the provision of services to high-risk children who are from low-income communities and the families of such children.

**F. Attorneys Employed in a Defender Organization** • a full-time attorney employed in a defender organization established in accordance with section 3006(g)(2) of title 18, U.S.C.

**G. Firefighters** • a full-time firefighter for a local, State or Federal fire department or fire district.

**H. Tribal College or University Faculty** • a full-time faculty member at a Tribal College or University, as that term is defined in section 316 of title 20, U.S.C.

**I. Librarian** • a full-time librarian who has a master's degree in library science and is employed in an elementary or secondary school that is eligible for assistance under part A of title I of the Elementary and

Secondary Education Act of 1965, or who is employed in a public library that serves a geographic area that contains one or more such schools.

**J. Speech-Language Pathologist** • a full-time speech-language pathologist who has a master's degree and who is working exclusively with schools that are eligible for assistance under title I of the Elementary and Secondary Education Act of 1965.

**K. Service in an Early Childhood Education Program** • a full-time staff member in the educational component of a Head Start program, or a full-time staff member in a pre-kindergarten or child care program that is licensed or regulated by the State. The program must be operated for a period comparable to a full School year and must pay a salary comparable to an employee of a local educational agency.

**Cancellation Rates** - For each completed year of service under paragraphs A, B, C, D, E, F, G, H, I, and J a portion of this loan will be canceled at the following rates:

• 15 percent of the original principal loan amount for each of the first and second years; • 20 percent of the original principal loan amount for each of the third and fourth years; and • 30 percent of the original principal loan amount for the fifth year.

For each completed year of service under paragraph K (Service in an Early Childhood Education Program), a portion of this loan will be canceled at the rate of 15 percent of the original principal loan amount .

**L. Military Cancellation** - Upon making a properly documented written request to the School, I am entitled to have up to 50 percent of the principal amount of this loan canceled for qualifying service that ended before August 14, 2008, and up to 100 percent cancelled for qualifying service that began  on or after August 14, 2008,  as: • a member of the Armed Forces of the United States in an area of hostilities that qualifies for special pay under section 310 of Title 37 of the United States Code.

**Cancellation Rate** - For each completed year of service under the Military Cancellation provision that ended before August 14, 2008, this loan will be canceled at the rate of 12½ percent of the original principal loan amount.

For qualifying service that began on or after August 14, 2008, this loan will be canceled at the following rates: • 15 percent of the original principal loan amount for each of the first and second years; • 20 percent of the original principal loan amount for each of the third and fourth years; and • 30 percent of the original principal loan amount for the fifth year.

**M. Volunteer Service Cancellation** - Upon making a properly documented written request to the School, I am entitled to have up to 70 percent of the original principal loan amount of this loan canceled for qualifying service performed after the enrollment period covered by the loan as: • a volunteer under the Peace Corps Act; • a volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs).

**Cancellation Rate** - For each completed year of service under the Volunteer Service Cancellation provision, a portion of this loan will be canceled at the following rates:

• 15 percent of the original principal loan amount for each of the first and second 12-month periods of service; and • 20 percent of the original principal loan amount for each of the third and fourth 12-month periods of service.

**DISCHARGES** - My obligation to repay this loan may be partially or totally discharged for the reasons specified in paragraphs A, B, C, and D below.

**A. Death** - In the event of my death, the School will discharge the total amount owed on this loan.

**B. Total and Permanent Disability** - Upon making a properly documented written request to the School, the total amount owed on this loan may be discharged if the U.S. Department of Education determines that I am totally and permanently disabled as defined in the Act and I meet certain other requirements.

Page 3 of 4

73

## Terms and Conditions (cont.)

**C. School Closure** - Under certain conditions, my total liability will be discharged, including refunding any amounts I have already paid on the loan, if I was unable to complete the program in which I was enrolled because my School closed.

**D. Bankruptcy** - Under certain conditions, my loan may be discharged in bankruptcy. In order to discharge a loan in bankruptcy, I must prove undue hardship in an adversary proceeding before the bankruptcy court.

## Disclosure of Information

**STUDENT LOAN OMBUDSMAN** - If I dispute the terms of my Federal Perkins Loan in writing to my School, and my School and I are unable to resolve the dispute, I may seek the assistance of the Department of Education's Student Loan Ombudsman. The Student Loan Ombudsman will review and attempt to informally resolve the dispute.

### Notice About Subsequent Loans Made Under This Master Promissory Note

This Note authorizes the School to disburse multiple loans during the multi-year term of this Note upon my request and upon the School's determination of my loan eligibility.

Subsequent loans may be made under this Note for the same or subsequent periods of enrollment at this School. The School, however, may, at its discretion, close this Note at any time and require me to sign a new Note for additional disbursements. I understand that if my School chooses to make subsequent loans under this Note, no such loans will be made after the earliest of the following dates: (i) the date the School receives my written notice that no further loans may be disbursed under this Note; (ii) twelve months after the date of my signature on this Note if no disbursement is made during such twelve-month period; or (iii) ten years after the date of my signature on this Note, or the date the School receives this Note.

Any amendment governs the terms of any loans disbursed on or after the effective date of such amendment, and such amended terms are hereby incorporated into this Note.

## Important Notices

**Privacy Act Notice**

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:
The authority for collecting the requested information from and about you is §461 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1087aa et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §484(a)(4) of the HEA (20 U.S.C. 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the Federal Perkins Loan (Perkins) Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Perkins Program, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) become delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case by case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions efficiently to submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

**Financial Privacy Act Notice**

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401-3421), the U.S. Department of Education will have access to financial records in your student loan file maintained by the lender in compliance with the administration of the Federal Perkins Loan Program.

**Paperwork Reduction Notice**

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845-0074. The time required to complete this information is estimated to average 0.5 hours (30 minutes) per response, including the time to review instructions, search existing data resources, gather and maintain the data needed, and complete and review the information collection. The obligation to respond to this collection is required to obtain or retain benefit, Higher Education Act of 1965, as amended (20 U.S.C. 1087dd). **If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to:**

U.S. Department of Education
Washington, DC 20202-4537

If you have any comments or concerns regarding the status of your individual submission of this form, write directly to the lender.

74

Firefox                                                                    https://ap.ban.ucdavis.edu/BannerAdmin/?form=RHIAFSH



75

7/12/2021                                                    Account Inquiry

**ECSI**

MENU | LOGOUT

## Account Inquiry

Message:

Account: [redacted]   Select Option   ⌄ [Find]

◉ **U C DAVIS**
MELIKE DEWEY
P.O. BOX 1005
LOS ANGELES, CA 90078
323-996-9187
mdewey@ucdavis.edu

| Fund Type | Loan Amt | Payoff | Balance | Principal | Interest | Pen/Late/Oth | Agency | Inhouse | Mos Delq | Cohort Year | Rate | Freq | Payment | Last Paym |
|-----------|----------|--------|---------|-----------|----------|--------------|--------|---------|----------|-------------|------|------|---------|-----------|
| PER24A | 12,496.00 | 17,343.53 | 12,496.00 | 12,496.00 | 1,353.82 | 25.00 | 3,468.71 | | 33 | -NO- | .05000 | Q | 398.90 | |
| Totals | 12,496.00 | 17,343.53 | 12,496.00 | 12,496.00 | 1,353.82 | 25.00 | 3,468.71 | | | | | | 398.90 | |

There are no transactions on file for your account.

Return to the **[Menu]**.

Page: acqi02 (Ver: 01.01.17 )

76

*Exhibit 3*

77



Melike Dewey &lt;melike.dewey@gmail.com&gt;

**FSA Feedback Case: 02914705 [ ref:_00Dt0Gyiq._500t0dGgmy:ref ]**
4 messages

**Student Aid Feedback** &lt;studentaidfeedback@ed.gov&gt;
To: "melike.dewey@gmail.com" &lt;melike.dewey@gmail.com&gt;

Wed, Dec 23, 2020 at 1:26 PM



12/23/2020

Dear Melike A. Dewey:

Thank you for the opportunity to review your email. We regret that you are not satisfied with the assistance and information that FSA has provided. However, Los Angeles City College is following federal laws denying the Title IV funds eligibility until your "Defaulted" Status is resolved.

Your concern regarding your loans "forbearance" status is not about the school's administration and compliance issues of Title IV funds.

For your reference, a school can disburse a unique loan to each payment period or enrollment period. Based on the review of your National Student Loan Data System account, only two loans are in default. Please see below:

| **2** | **PU - FEDERAL PERKINS** **UNIVERSITY OF CALIFORNIA, DAVIS - 00131300** | | | **Status: DF as of 06/10/2019** | | | | **Loan Detail** |
|---|---|---|---|---|---|---|---|---|
| **Approved Amt:** | $2,996 | **Disbursed Amt:** | $2,996 | **OPB:** | $2,996 | **Agg. OPB:** | $2,996 | |
| **Loan Date:** | 06/23/2017 | **Sep. Loan Ind:** | | **Loan Period:** | 06/01/2017 - 06/30/2017 | | | |
| **Last Disb. Date:** | 06/30/2017 | **Last Disb. Amt:** | $2,996 | **Acad. Lv:** | 4 | | | |

| **7** | **PU - FEDERAL PERKINS** **UNIVERSITY OF CALIFORNIA, DAVIS - 00131300** | | | **Status: DF as of 06/10/2019** | | | | **Loan Detail** |
|---|---|---|---|---|---|---|---|---|
| **Approved Amt:** | $5,500 | **Disbursed Amt:** | $5,500 | **OPB:** | $5,500 | **Agg. OPB:** | $5,500 | |
| **Loan Date:** | 06/27/2016 | **Sep. Loan Ind:** | | **Loan Period:** | 06/01/2016 - 06/30/2016 | | | |
| **Last Disb. Date:** | 06/27/2016 | **Last Disb. Amt:** | $5,500 | **Acad. Lv:** | 4 | | | |

Student loan forbearance is decided by your loan servicer, not the school, and may not include all of your loans (all of payment period or enrollment period), and is temporary. Therefore, you may contact your loan servicer to verify the loans if the defaulted were included on your forbearance request and if your request was approved. For more information regarding your student loan forbearance please check the link below:

https://studentaid.gov/manage-loans/lower-payments/get-temporary-relief/forbearance

We hope this information is helpful to you. Because your complaint is not related to the school's administration of federal grant and loan programs, we are maintaining your case closed. If you have additional concerns, you can reply to this email, and we will assess those concerns.

Sincerely,

Anne Krohn
Complaint Resolution Specialist
Resolution and Referral Management Group
Federal Student Aid
U.S. Department of Education

*Exhibit 4*

79



80